**Margaret GEORGE and John Russell
v. TIMBERLAKE ASSOCIATES**

[739 A.2d 1207]

No. 98-170

August 2, 1999. Petitioners Margaret George and John Russell appeal from a judgment entered in the Environmental Court dismissing as untimely their appeal of a decision of the Montpelier Planning Commission. At issue is site plan approval granted by the commission to Timberlake Associates in connection with a convenience store at 108 State Street in Montpelier. The Environmental Court determined that petitioners, who are neighbors of the Timberlake project, failed to file their notice of appeal from the commission's approval within the requisite thirty-day period. We disagree and, accordingly, reverse.

The relevant facts are not in dispute. Because they owned property in the "immediate neighborhood" of the project under site plan review, petitioners were "interested person[s]" with standing to challenge the planning commission's decision. See 24 V.S.A. § 4464(b)(3) (defining "interested person"). On May 19, 1997 the planning commission approved Timberlake's revised design and site plan in connection with the 108 State Street property, but no document purporting to be a written decision on the application was issued. The minutes of the May 19 meeting were filed with the city clerk on May 30, 1997. Less than an hour before midnight on June 18, 1997, exactly thirty days after the meeting at which the planning commission approved the site plan, petitioners handed a notice of appeal to the dispatcher at Montpelier police headquarters. This document reached the

planning board the following day — thirty-one days after the planning board voted to approve the site plan.

V.R.C.P. 74(b) requires that a notice of appeal from a decision of a governmental agency be filed "with the clerk of the administrative body . . . or other appropriate officer." The Environmental Court concluded that in these circumstances a police dispatcher is not an appropriate officer within the meaning of the rule and, therefore, that Timberlake was entitled to dismissal of the action because the notice had not been appropriately filed within thirty days of May 19, 1997. We need not reach the problem of whether serving the police dispatcher was legally sufficient, however, because we conclude that petitioners were still within the thirty-day appeal period when the notice reached the planning commission on the following day.

To make that determination, we must first address Timberlake's contention that petitioners waived the issue by failing to raise it before the Environmental Court. See *Spencer v. Killington, Ltd.*, 167 Vt. 137, 140, 702 A.2d 35, 36 (1997) (we will not reverse lower court when party's failure to raise matter below denied trial court opportunity to consider it). The Environmental Court appears not to have considered the possibility that the appeal period did not expire on June 18, 1997, and such a possibility was not the main thrust of petitioners' argument there. However, petitioners unambiguously — if only briefly — raised this aspect of the case by arguing in their written opposition to the dismissal motion that the June 18 deadline was "infirm" given the lack of notice. Thus, the Environmental Court had an opportunity to consider when the appeal period should be deemed to have commenced, and we may consider it on appeal.

Site plan approvals are governed by 24 V.S.A. § 4407(5), which empowers municipal planning commissions to require such authorizations "[a]s prerequisite to the approval of any use other than one- and two-family dwellings." In conducting site plan reviews, planning commissions may impose "appropriate conditions and safeguards" with respect to traffic access, circulation and parking, landscaping and screening, protection and utilization of renewable energy resources and any other matters specified in the commission bylaws. *Id.* A planning commission conducting a site plan review must "act to approve or disapprove any such site plan within 60 days after the date upon which it receives the proposed plan, and failure to so act within such period shall be deemed approval." *Id.* Section 4407(5) is silent, however, on what triggers the running of the applicable thirty-day appeal period.

We recently had occasion to consider the manner of perfecting an appeal from a decision of a board of adjustment. In *Town of Hinesburg v. Dunkling*, we concluded that the 30-day appeal period began to run when the municipality mailed the applicant a copy of the applicable minutes, thus placing the party on formal notice of the determination it might wish to challenge. See 167 Vt. 514, 522, 711 A.2d 1163, 1167-68 (1998). In so holding, we again stated our concern that organs of municipal government not take actions that tend to "bury" decisions so that interested parties lose their appeal rights. *Id.* at 521, 711 A.2d at 1167. Accordingly, as we noted in an earlier case, "[a]lthough a zoning applicant can appeal from an oral decision, that decision does not become final and the appeal period does not begin to run until either the board files its written decision or the period for doing so . . . has expired." *In re White*, 155 Vt. 612, 615, 587 A.2d 928, 930 (1990).

Timberlake Associates and the City of Montpelier would have us ignore the requirement of a written decision to commence the appeal period, as applied in

*Dunkling* and *White*, because those cases involved appeals from zoning boards of adjustment rather than from a planning commission conducting a site plan review. Boards of adjustment must issue written findings of fact and mail copies of the decision to the applicant and to every other person or body who appeared at the hearing. See 24 V.S.A. § 4470(a). Although there is no such requirement for planning commissions, the Legislature has provided that, notwithstanding any other provision in the chapter governing municipal and regional planning and development, "appeals from the decision of a planning commission shall be in the same manner as provided for appeals from a decision of a board of adjustment." 24 V.S.A. § 4475. We are therefore disinclined to be cavalier with the appeal rights of parties who have an interest in site plan approvals. Although a site plan review does not require a fully realized written explanation of the decision, some ministerial act we can regard as a written decision must take place in order to trigger the running of the appeal period.

We need not, and do not, decide exactly what event triggers the appeals period when, as here, an interested party seeks to challenge a site plan approval. It suffices to conclude that petitioners' thirty-day appeal period could not have run by June 19, 1997 — when the planning commission received petitioners' notice of appeal — because the only operative event that had occurred more than thirty days prior to that date was the planning commission's oral vote. The appeal was therefore timely.

*Reversed.*

Motion for reargument denied September 2, 1999.