**STATE OF VERMONT**

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
|---|---|
| | Docket No. 113-9-15 Vtec |

| Mahar Conditional Use Appeal | DECISION ON MOTION |
|---|---|

In the spring of 2015, Applicant Kevin Mahar sought a conditional use permit for an accessory apartment at his single family residence in Jericho, Vermont. The Town of Jericho Development Review Board (DRB), by written decision, granted Applicant's conditional use permit on June 23, 2015. Three months later, on September 23, 2015, Mary Lahiff, Conor Lahiff, Linda Campbell, Steve Hibbs, Scott S. Hallock, Carolyn K. Hallock, Susan Harritt, and William Butler (Appellants) appealed the decision by the DRB. Now before the Court is Applicant's motion for summary judgment, arguing that he is entitled to judgment as a matter of law because Appellants' appeal was untimely and Appellants are not interested persons under 24 V.S.A. § 4465(b)(3). In opposition, Appellants argue that they never received notice of the DRB's decision so the window to appeal had not run by September 23, 2015; that notice of the DRB's hearing on the conditional use application was defective and thus warrants remand and a new hearing; and that they are all land owners in the "immediate neighborhood" of Applicant's property and thus are interested persons under 24 V.S.A. § 4465.

**Factual Background**

For the purpose of putting the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. Kevin Mahar (Applicant) owns property at 225 Nashville Road in the Town of Jericho, Vermont.

2. Linda Campbell and Steven Hibbs reside at 227 Nashville Road in Jericho, Vermont, and their property abuts Applicant's.

3. Susan Harritt and William Butler (the Harritt/Butlers) own property at 23 Bentley Lane, in the Town of Jericho. The Harritt/Butlers' property extends along the east side of Bentley Lane and is bounded to the north by Nashville Road. The Harritt/Butlers' property has 50 feet of

frontage along Nashville Road across the road from a portion of Applicant's property. If not for the intersection of Nashville Road, Applicant's property and the Harritt/Butlers' property would be contiguous.

4. Mary and Conor Lahiff reside at 6 Bentley Lane in Jericho, Vermont. The Lahiff property is on the western side of Bentley Lane near the intersection with Nashville Road.

5. Carolyn and Scott Hallock own property at 18 Bentley Lane in Jericho, Vermont. The Hallocks' property is to the south of the Lahiff's property on the western side of Bentley Lane opposite from the Harritt/Butlers' property. The Hallocks' property does not abut Applicant's.

6. On or about April 30, 2015, Applicant applied for conditional use approval for a detached accessory apartment at his single family home in Jericho, Vermont.

7. A hearing was scheduled for May 28, 2015, and the hearing notice was published in the Mountain Gazette (a local newspaper) on May 7. Additional copies of the notice were posted 15 days before the hearing at the Jericho Café and Tavern, Desso's Store, the Deborah Rawson Memorial Library, Jacob's Market, the Jericho Post Office, and the Jericho Town Hall. The hearing notice was also posted on Front Porch Forum.

8. The notice was mailed via first class mail to abutting property owners Linda Campbell; John and Dianne Shullenberger; Elizabeth Allard; Range Conrtol; Geoffrey Cole; Kathleen Morrow; William Desautels; M&H Rainville; and K. McKegny.

9. The Harritt/Butlers were not mailed a copy of the hearing notice.

10. On May 28, 2015, the DRB held a hearing on the application and moved to approve the application with conditions. Parties at the hearing included: Kevin Mahar, Britney Blair, Linda Campbell, Steve Hibbs, Martha Frost, Mary Lahiff, and Carolyn Hallock.

11. The DRB approved the conditional use application and issued a two-page written decision on June 23, 2015.

12. The decision was mailed on June 25, 2015, and was sent via first class mail to Carolyn Hallock and Martha Frost. It is disputed whether a complete copy of the decision was sent to Linda Campbell, Steven Hibbs, or Mary Lahiff.

13. According to Ms. Patrick, the Town Zoning Administrator, the Town's customary practice is to mail copies of the complete DRB decisions to all persons who attend the DRB hearing.

14. Mary Lahiff represents that she never received a copy of the DRB's decision.

2

15.     Linda Campbell and Steve Hibbs (Campbell/Hibbs) allege that they only received the first page of the DRB's decision sometime around June 25, 2015.

16.     On July 7, 2015, Applicant applied for a zoning permit for the accessory apartment (the subject of the conditional use application) and a second zoning permit for an accessory structure. The zoning permits were approved by the Town Zoning Administrator on the same day.

17.     Mary and Conor Lahiff appealed both zoning permits to the Town on July 20, 2015.

18.     The Campbell/Hibbs electronically submitted an appeal of both zoning permits on July 27, 2015.

19.     A hearing on the zoning permit appeals was held on August 27, 2015. Ms. Lahiff attended the hearing.

20.     Appellants appealed the DRB's approval of Applicant's conditional use application to this Court on September 23, 2015.

## Discussion

We begin our analysis by noting that this Court is directed to grant summary judgment to a moving party only if that party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). In considering a motion for summary judgment, we will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

Applicant has moved for summary judgment on two grounds. First, Applicant argues that Appellants' appeal is untimely because the appeal was not filed until September 23, 2015, about 90 days after the DRB's decision, and well outside the 30-day window provided by Vermont Rules of Environmental Court Procedure (V.R.E.C.P.) 5(b)(1). Secondly, Applicant claims that Appellants are not interested persons under 24 V.S.A § 4465(b)(3) because they do not live in the immediate neighborhood and have not demonstrated a physical or environmental impact from the proposed construction.[1]

---

[1] Applicant does admit that the Campbell/Hibbs do live in the immediate neighborhood as their property is bordered on three sides by Applicant's.

3

We turn first to the issue of whether Appellants' appeal is timely as this resolves most of the issues now before us. Where necessary, we address whether individual appellants qualify as interested persons. The arguments Appellants raise in opposition to summary judgment do not apply uniformly apply to all appellants. We will therefore analyze Appellants' claims in support of their appeal as they pertain to individual appellants.

a. <u>Mary Lahiff and the Campbell/Hibbs</u>

Ms. Lahiff[2] and the Campbell/Hibbs attended and participated at the DRB's conditional use hearing on May 28, 2015. On June 23, 2015, the DRB issued its decision and certified copies were mailed on June 25. According to the Town Zoning Administrator, copies of the decision were sent to all parties that attended the hearing. Ms. Lahiff claims, however, that she never received a copy of the DRB's decision and thus was without notice of the decision until shortly before filing the appeal in September. Similarly, the Campbell/Hibbs contend that they only received the first page of the DRB's decision on June 25, 2015, which did not include any information about appeal rights or how to contest the DRB's decision, and only sometime later, after the appeal window had passed, did they receive the second page. Appellants argue, therefore, that because a mailed copy (or at least complete mailed copy) of the DRB's decision was not sent to Ms. Lahiff and the Campbell/Hibbs, they lacked notice of the DRB's June 23, 2015 decision approving Applicant's conditional use application, and their appeal is therefore timely.

Pursuant to 24 V.S.A. § 4471, an interested person who has participated before a municipal panel, may appeal that panel's decision to this Court. According to V.R.E.C.P. 5(b)(1) and 10 V.S.A. § 8504(b)(1), an interested person, as defined in 24 V.S.A. § 4465, has 30 days from the date of a municipal panel's decision to file a notice of appeal in this Court unless we extend the time allowed pursuant to Rule 4 of the Vermont Rules of Appellate Procedure (V.R.A.P.). The receipt of a timely filed notice of appeal is a prerequisite to our exercise of jurisdiction over an appeal to this Court. See <u>In re Gulli</u>, 174 Vt. 580, 583 (2002) ("Failure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal.").

---

[2] Conor Lahiff is also one of the named Appellants in this matter. Conor Lahiff did not appear before the DRB at the May 28, 2015 hearing nor is there any offer that he participated in any other way. Mr. Lahiff makes no claim that he lacked notice of the hearing. Therefore, because he failed to participate, he is not an interested person entitled to appeal the DRB's decision. See 24 V.S.A. § 4471(a).

4

Because the timeline for a party to appeal is jurisdictional in nature, we are unable to provide extensions beyond what our rules explicitly allow. See Reporter's Notes, V.R.A.P. 4; In re Waitsfield Public Water Sys. Act 250 Permit, No. 33-2-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 15, 2010) (Durkin, J.).

Although there are only limited exceptions to the 30-day appeal period,[3] our prior decisions, as well as those of the Vermont Supreme Court, suggest that the 30-day window does not begin to run until the appellant could have had notice of the municipal panel's (here, the DRB's) decision. See Town of Hinesburg v. Dunkling, 167 Vt. 514, 522 (1998) (appeal period began when appellant received mailed copy of the decision); In re Atwood PUD – Jericho, No. 170-12-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Feb. 18, 2015) (Walsh, J.) (holding that appeal period began at time appellants were put on notice of the DRB's decision); see also In re Benning Accessory Use Permit, No. 184-9-09 Vtec, slip op. at 13 (Vt. Envtl. Ct. Mar. 25, 2010) (Wright, J.) ("A prospective appellant who fails to receive either constructive notice or actual notice of the issuance of a permit may be justified in filing a late appeal . . . based on principles of due process."). Requiring notice alleviates the due process concern that could arise where a municipal panel hides or buries its decision, thus depriving interested persons of the ability to challenge that decision. See George v. Timberlake Associates, 169 Vt. 641, 739 A.2d 1207, 1209 (1999) (discussing concern "that organs of municipal government not take actions that tend to "bury" decisions so that interested parties lose their appeal rights.").

The notice requirement may be satisfied by actual or constructive notice. See Benning Accessory Use Permit, No. 184-9-09 Vtec, slip op. at 15 (finding where there is constructive notice of the issuance of a permit, even where there are defects in the statutory notice requirements, is sufficient to begin appeal period); see also In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2011) (Durkin, J.) ("A party who is entitled to notice of [a] decision need not have had access to the official record of the decision in order . . . for the appeal period to run."). Constructive notice is "'such notice as is implied or imputed by law,

---

[3] Appellants do not move pursuant to V.R.A.P. 4(c), and even if we were to consider the limited extensions to the 30-day appeal window provided in V.R.A.P. 4(c), we conclude Ms. Lahiff and the Campbell/Hibbs are not entitled to an extension because they did not move for an extension of the appeal deadline within 7 days of receiving notice of the DRB's decision. See V.R.A.P. 4(c)(1).

usually on the basis that the information is a part of a public record or file' or '[n]otice with which a person is charged by reason of the notorious nature of the thing to be noticed, as contrasted with actual notice of such thing.'" New England Fed. Credit Union v. Stewart Title Guar. Co., 171 Vt. 326, 335 (2000) (quoting Black's Law Dictionary 1061 (6th ed. 1990)). In other words, one is considered to be on notice of those facts that could have been discovered with reasonable inquiry. See McGann v. Capital Sav. Bank & Trust Co., 117 Vt. 179, 183 (1952) ("[O]ne who has knowledge of facts sufficient to induce a prudent man to inquire in respect to other facts germane to the matter in hand, will be charged with knowledge of such other and further facts as he might have learned by reasonable diligence in prosecuting his inquiry in the right direction."). Therefore, while 24 V.S.A. § 4464(b) does provide that copies of a DRB's decision shall be mailed to interested persons who appeared and participated at the hearing—i.e., actual notice—where such actual notice is not received, the appeal period will not be tolled if there was adequate constructive notice of the decision. See In re Atwood PUD, No. 170-12-14 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Feb 18, 2015) (Walsh, J.).

For the following reasons, we conclude that Ms. Lahiff and the Campbell/Hibbs had notice, constructive or actual, of the DRB's June 23, 2015 decision more than 30 days before September 23, 2015. Accepting that Ms. Lahiff did not receive a copy of the DRB's decision and that the Campbell/Hibbs only received the first page of the DRB's June 23, 2015 decision,[4] Ms. Lahiff and the Campbell/Hibbs were aware of sufficient information on the date they appealed the zoning permits—July 20th and July 27th respectively—to put them on notice that the DRB had issued a decision regarding Applicant's conditional use application. The appealed zoning permit was for Applicant's accessory apartment—the subject of the conditional use hearing.[5] Section 10.2.3 of the Regulations provides that "No Zoning Permit shall be issued by the Zoning

---

[4] We question Appellants' claim that the first page of the decision failed to provide adequate notice because it did not include the details of how to appeal. For the purposes of this motion we need not resolve the issue because even accepting that the missing page deprived the Campbell/Hibbs of adequate notice, they had sufficient information to put them on constructive notice by July 27, 2015, nearly two months before their eventual appeal.

[5] According to Ms. Lahiff, during her search to determine the outcome of the DRB's May 28 hearing, she became aware that the DRB had issued Mr. Mahar a zoning permit for an accessory apartment. Ms. Lahiff promptly appealed the zoning permit on July 20th to the Town. The Campbell/Hibbs appealed the zoning permit on July 27, 2015.

6

Administrator for any use or structure that requires the approval of the Development Review Board until such approval has been obtained." Having attended the DRB's hearing on Applicant's conditional use application, Ms. Lahiff and the Campbell/Hibbs were or should have been aware that Applicant needed approval from the DRB for his proposed accessory apartment. Thus, once Ms. Lahiff and the Campbell/Hibbs became aware that zoning permits had been issued, a brief investigation would reveal that the DRB had issued the conditional use decision. As we explained in Atwood, "[w]hen a potential appellant has reason to know of a DRB decision, even if they were not served with a copy of the decision, the appeal period runs from the time of having reason to know." Atwood PUD, No 170-12-14 Vtec, slip op. at 3. While Ms. Lahiff and the Campbell/Hibbs might not have received actual notice of the decision, we conclude that they were aware of sufficient facts to put them on constructive notice around the time they appealed Applicant's zoning permits. Therefore, even when accepting Appellants' factual allegations and giving Ms. Lahiff and the Campbell/Hibbs several days past the date they filed their zoning permit appeals to conduct reasonable investigation, we must conclude that the 30-day appeal period had long expired before September 23, 2015.

As a result, we conclude that the appeal by Ms. Lahiff and the Campbell/Hibbs is untimely, and thus, we are without jurisdiction to consider it. We therefore **GRANT** Applicant's motion for summary judgment as it applies to the Lahiffs and the Campbell/Hibbs.

b. The Harritt/Butlers

The Harritt/Butlers' position is distinct from that of Ms. Lahiff and the Campbell/Hibbs as they did not participate before the DRB and thus cannot satisfy the participation requirement needed to appeal pursuant to 10 V.S.A. § 8504(b)(1) and 24 V.S.A. § 4471. Although Applicants' motion does not clearly recognize the Harritt/Butlers' distinct position, Appellants argue that because the Harritt/Butlers never received notice of the DRB's May 28, 2015 hearing, as required under 24 V.S.A. 4464(a)(1)(C), the matter must be remanded to the DRB and re-noticed for a new hearing. A remand and new hearing would remedy the Harritt/Butlers' lack of participation, but, we conclude that no remand is warranted and thus deny Appellants' request.

24 V.S.A. § 4464(a)(1)(C) provides that written notification for a public hearing before a municipal panel shall be sent to "owners of all properties adjoining the property subject to

7

development." Applicant does not dispute that notice was not mailed to the Harritt/Butlers; rather, Applicant's only response is that the Harritt/Butlers were not entitled to mailed notice because they are not adjoining property owners as their property is separated from Applicant's by a town road. This claim is clearly refuted by Section 4464(a)(1)(C). An adjoining landowner for the purposes of Section 4464(a)(1)(C) is considered an owner of property that "would be contiguous to the property subject to development but for the interposition of a highway or other public right-of-way." The Harritt/Butlers' property would be contiguous with Applicant's but for the interposition of Nashville Road. They are, therefore, adjoining property owners for purposes of the applicable statute and thus were entitled to mailed notice of the conditional use hearing.

The fact that the Harritt/Butlers did not receive mailed notice of the conditional use hearing does not, however, establish that remand and a new hearing are necessary. As 24 V.S.A. § 4464(a)(5) provides, "No defect in the form or substance of any requirements in subdivision (1) or (2) of this subsection shall invalidate the action of the appropriate municipal panel where reasonable efforts are made to provide adequate posting and notice." Only where the defective notice "was materially misleading in content" is the action of the municipal panel invalid and thus a remand necessary. 24 V.S.A. § 4464(a)(5).

Here, we conclude that reasonable efforts were made to provide adequate posting and notice. Notice was published in the local paper, was posted on front porch forum, was posted at multiple locations in town, and copies of the hearing notice were mailed to all other abutting property owners. It appears that the Town's list of abutting property owners did not include the Harritt/Butlers, but this defect alone does not establish that the Town's efforts were not reasonable. Further, there has been no offer that the notice was materially misleading in content. Therefore, even when we accept Appellants' factual allegations as uncontroverted, we must conclude that Appellants have failed to show that the municipal panel's action was invalid. We therefore conclude that a remand is not warranted.

Although not raised by Appellants, we also consider whether the Harritt/Butlers, despite their lack of participation before the DRB, may be considered as appellants and appeal the DRB's decision to this Court. As we explained in Part a., *infra*, in order to appeal a municipal panel's decision, a party must participate before the municipal panel, and must appeal within 30 days from the date of the panel's decision. See 24 V.S.A § 4471; V.R.E.C.P. 5(b). A limited exception

8

to this rule is found in 10 V.S.A. § 8504(b)(2), which provides that an interested person may appeal an act or decision of an appropriate municipal panel if there was a "procedural defect which prevented the person from obtaining interested person status or participating in the proceeding." While this provision appears applicable to the Harritt/Butlers, the burden falls on Appellants to establish that the appeal is permitted under Section 8504(b)(2). See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 19, 188 Vt. 262. Appellants "'must affirmatively claim and satisfy the burden of establishing party status with a motion filed with the notice of appeal.'" Id. (quoting Reporter's Notes, V.R.E.C.P. 5). No such motion has been filed with this Court, and there is no mention of 10 V.S.A. § 8504(b)(2) in Appellants' NOA or in their response to Applicant's motion for summary judgment. Appellants have, therefore, failed to affirmatively claim a right to appeal pursuant to Section 8504(b)(2). To the extent Appellants' response to summary judgment argues that the Harritt/Butlers are entitled to appeal, that claim is unsupported and thus denied. See Verizon Wireless, 2010 VT 62, ¶ 21 (holding that it is an appellants' burden to raise issue of party status pursuant to 10 V.S.A. § 8504(b)(2)).[6]

Therefore, because it is undisputed that the Harritt/Butlers did not participate before the DRB and because Appellants have failed to establish that a remand is warranted or that the Harritt/Butlers' late appeal should be allowed, we **GRANT** Applicant's motion for summary judgment as to the Harritt/Butlers.

---

[6] Even if we do consider Appellants to have affirmatively raised Section 8504(b)(2), Appellants have failed to establish that the Harritt/Butlers have party status under Section 8504(b)(2). An interested person for the purposes of 10 V.S.A. § 8504(b)(2) is, in relevant part, "[a] person owning or occupying property in the immediate neighborhood of [the] property that is the subject" of the application and "who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed." 24 V.S.A. § 4465(b)(3) (emphasis added). Assuming the Harritt/Butlers do own property in the immediate neighborhood, Appellants have failed to demonstrate a physical or environmental impact on the Harritt/Butlers' interest under the criteria reviewed. Appellants' only assertion applicable to the Harritt/Butlers is the generalized statement that "Appellants have property interests to protect from Appellee's proposed project." Appellants' Mem. in Opp'n to Mot. for Summ. J. at 6, filed on Apr. 7, 2015. This vague statement is insufficient to fulfill the requirement of identifying the physical or environmental impact to the Harritt/Butlers interests that the proposed project could cause. See In re Two Bad Cats LLC Conditional Use Permit, No. 2015-238, slip op. at 2 (Vt. Nov. Term, 2015) (unpublished mem.) available at https://www.vermontjudiciary.org/UPEO2011Present/eo15-238.pdf. Therefore, Appellants have failed to satisfy their burden of proving that the Harritt/Butlers are entitled to party status and the right to appeal under 10 V.S.A. § 8504(b)(2).

c. Carolyn and Scott Hallock

Lastly, we turn to the remaining two individual appellants—Carolyn and Scott Hallock. Appellants' do not put forth an argument specific to Carolyn and Scott Hallock and why their late appeal should be allowed. Carolyn Hallock attended the DRB's hearing on Applicant's conditional use application on May 28, 2015, and the Hallocks were mailed a copy of the decision on June 25, 2015. Appellants make no claim that the Hallocks failed to receive the DRB's decision. Thus, the Hallocks' window to appeal concluded, at the latest, 30 days from the date they received the mailed decision. They did not, however, file a NOA until September 23, 2015. Because their appeal is well outside the 30-day window, we conclude that Carolyn and Scott Hallocks' appeal is untimely and **GRANT** Applicant's motion for summary judgment as to the Hallocks.

## Conclusion

For the above reasons, we hereby **GRANT** Applicant's motion for summary judgment by dismissing the appeal of Linda Campbell, Steven Hibbs, Mary and Conor Lahiff, Carolyn and Scott Hallock, Susan Harritt, and William Butler. Given that we have dismissed the appeal of all appellants before us in this proceeding, we hereby **AFFIRM** the June 23, 2015 decision of the Town of Jericho Development Review Board, granting conditional use approval of Applicant's proposed accessory apartment on his property at 225 Nashville Road in Jericho, Vermont.

This completes the current proceedings before this Court in this appeal. A Judgment Order accompanies this Decision.

Electronically signed on July 13, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division