VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-186



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2024

| | |
|---|---|
| In re East Hill Road Wastewater Permit (Kayle Hope\*) } } } } } | APPEALED FROM:<br><br>Superior Court, Environmental Division<br>CASE NO. 22-ENV-00103<br>Trial Judge: Thomas S. Durkin |

In the above-entitled cause, the Clerk will enter:

Neighbor Kayle Hope appeals a decision of the Environmental Division dismissing her appeal of a wastewater permit granted to applicant, an adjoining landowner, for failure to serve applicant as a required party. Neighbor argues that applicant waived the defense of failure to serve by not raising it in a timely manner and that the lack of service did not prejudice applicant. We affirm.

On September 15, 2022, the Agency of Natural Resources (ANR) issued a state wastewater system and potable water supply permit for a well and wastewater treatment system to applicant[1] for applicant's property in Plainfield, Vermont. On October 14, 2022, neighbor filed a notice of appeal with the Environmental Division seeking to appeal the ANR's decision to grant the wastewater permit. Neighbor did not serve applicant with the notice of appeal. On January 4, 2023, neighbor filed a list of questions for the appeal. The questions were also not served on applicant. Neighbor subsequently filed amended questions.

In February 2023, applicant moved to dismiss the appeal, alleging that neighbor had failed to serve applicant with the notice of appeal or the statement of questions and that applicant first learned of the appeal through ANR's counsel. Applicant also alleged that the questions were vague and filed beyond the deadline provided in the Rules for Environmental Court Proceedings. Applicant asserted that the failure to serve and the late filing of the list of questions caused harm because he made plans and expended funds related to improving the property based on the belief that the permit was secure. Neighbor opposed the motion to dismiss.

The Environmental Division granted the motion to dismiss. The court found that neighbor failed to serve applicant with the notice of appeal as required by Vermont Rule for

---

[1] The permit was applied for and granted to joint landowners of the property. Because only one landowner moved to dismiss, this decision refers to applicant in the singular.

Environmental Court Proceedings 5(b) and Vermont Rule of Civil Procedure 5. The court concluded that even if the initial failure to serve was an innocent mistake, it was not reasonably justified given neighbor's continued failure to serve. The court found that neighbor did not substantially comply with the rule and that applicant was prejudiced because he took various steps in reliance on the finality of his permit and lost time to pursue his defense to the appeal. Neighbor appeals the dismissal to this Court.[2]

When an appeal is filed with the Environmental Division from an ANR decision, the person appealing must serve the notice on "any party by right" in accordance with Vermont Rule of Civil Procedure 5. V.R.E.C.P 5(b)(4)(B). Here, applicant was a party by right and therefore neighbor was required to serve applicant with the notice of appeal. 10 V.S.A. § 8502(5)(A). It is undisputed that neighbor did not serve applicant, even after her failure to serve was identified. The trial court had discretion to dismiss based on lack of service. The rules indicate that the court may dismiss an appeal when the appellant does not take the appropriate steps for filing the notice. V.R.E.C.P. 5(b)(1) ("Failure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."). Moreover, service is required at the time the notice of appeal is filed, and pursuant to the appellate rules, which are incorporated into proceedings in the Environmental Division, an appellate court can dismiss a case where "a party has not complied with a filing deadline." V.R.A.P. 42(b); see V.R.E.C.P. 5(a)(2) (incorporating appellate rules into environmental proceedings).

On appeal, neighbor does not contest that applicant was a party by right entitled to service or that she did not serve applicant. Neighbor argues that applicant did not timely move to dismiss for lack of service and therefore waived this defense. See V.R.C.P. 12(h)(1) (providing that party waives lack-of-service defense if not raised by motion or in responsive pleading). Assuming this rule applies here, the record reflects that applicant adequately raised the defense. Applicant's first motion to the Environmental Division was titled in part "motion to dismiss" and claimed that he was not served and that neighbor's failure to serve caused him harm. Applicant explained that he took actions in reliance on the permit and that neighbor's actions delayed applicant's construction on the property. Accordingly, applicant asked the court to dismiss the case. This was sufficient to raise the defense in that it put both neighbor and the court on notice of applicant's argument. See George v. Timberlake Assocs., 169 Vt. 641, 642 (1999) (mem.) (holding that argument regarding lack of notice was adequately raised where discussion, although brief, was made unambiguously in motion).

Neighbor also argues that the Environmental Division abused its discretion in dismissing for lack of service, asserting that she was entitled to leeway as a self-represented party and that applicant suffered no prejudice from her failure to serve him with a copy of the notice of appeal. As to neighbor's self-represented status, the court properly considered this and acted within its discretion in finding that it did not excuse neighbor's noncompliance with the rules. Although neighbor represented herself, she was still required to follow the rules on service. See In re Hopkins Certificate of Compliance, 2020 VT 47, ¶ 17, 212 Vt. 368 (explaining that although self-represented litigants are entitled to some leeway, they are still required to follow rules of

---

[2] This case was scheduled for remote oral argument and on the morning of the argument neighbor moved to continue the argument on the basis that she lacked power. The Court rescheduled the oral argument for later in the day and both parties appeared and participated. Therefore, the motion to continue is denied as moot.

procedure). Moreover, the court found that although the initial failure to serve may have been innocent, for three months, neighbor did not serve applicant with any filings in the case. In addition, contrary to neighbor's assertion, the court found that the lack of service prejudiced applicant because he took actions in reliance on the finality of his permit and lost nearly four months of preparation time for the case. These facts differentiate this case from In re Shantee Point, Inc., 174 Vt. 248, 259 (2002), in which this Court held that it would liberally construe the requirements for a notice of appeal under Vermont Rule of Appellate Procedure 3 and would find compliance if the "litigant's action is the functional equivalent of what the rule requires." Here, as the Environmental Division found, neighbor's action of simply filing the notice of appeal without any attempt at service was not the functional equivalent of what the rule required and there was prejudice to the other party. Therefore, the court acted within its discretion in dismissing the case.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

3