NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 20

No. 2016-299

| | |
|---|---|
| In re Mahar Conditional Use Permit (Mary Lahiff, Carolyn Hallock, Susan Harritt and William Butler, Appellants) | Supreme Court<br><br>On Appeal from<br>Superior Court,<br>Environmental Division<br><br>January Term, 2017 |

Thomas S. Durkin, J.

Mary Lahiff and Carolyn Hallock, Pro Ses, Jericho, Appellants.

Susan Harritt and William Butler, Pro Ses, Jericho, and Bridget Asay, Montpelier, for
  Appellants.

David M. Sunshine of Law Office of David M. Sunshine PC, Richmond, for Appellee.


PRESENT:  Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1.    **EATON, J.**  Neighbors appeal the Environmental Division's order dismissing as untimely their appeal to that court from a decision of the Town of Jericho Development Review Board (DRB) granting a conditional use permit to applicant Kevin Mahar.  On appeal, neighbors argue that the appeal was timely because they did not receive proper notice of either the hearing before the DRB or the resulting DRB decision.  We conclude that at least some neighbors adequately raised a sufficient basis to reopen the appeal period and timely filed an appeal.  Therefore, we reverse the dismissal and remand to the Environmental Division for resolution of

the motion to reopen the appeal period and, if grounds are found, an adjudication on the merits of neighbors' appeal.

¶ 2.    The following facts were undisputed for purposes of summary judgment.  In late April 2015, applicant sought a conditional use permit for a detached accessory structure and apartment at his single-family home in Jericho.  The DRB scheduled a hearing for May 28, 2015. Notice of the hearing was published in a local newspaper on May 7, and fliers with notice of the hearing were posted fifteen days before the hearing at six public buildings in Jericho and on Front Porch Forum, an electronic community newsletter.  Additional notice was sent by first-class mail to nine of appellee's neighbors whose property abuts the site of the proposed apartment.  The hearing notice was not sent to neighbors Susan Harritt and William Butler, who own property that has frontage on Nashville Road across the road from applicant's property.[1]

¶ 3.    The DRB held the conditional use hearing as scheduled on May 28, 2015.  Among other individuals, applicant and neighbors Mary Lahiff and Carolyn Hallock were present.  After the hearing, the DRB voted to approve the application with conditions.  On June 23, 2015, it issued a two-page written decision formalizing the approval, which the Town mailed to various Jericho residents on June 25, 2015.[2]

¶ 4.    On September 23, 2015, a group of applicant's neighbors, including Lahiff, Harritt, and Butler, appealed the DRB's conditional use decision to the Environmental Division.  The notice of appeal stated that at least some neighbors had not received notice of the underlying DRB hearing and some neighbors were not sent or did not receive a copy of the DRB's decision.  On

---

[1] The Environmental Division concluded that they were adjoining property owners entitled to notice and that conclusion is not challenged on appeal.

[2] While applicant was seeking conditional use approval, he also was applying for zoning permits.  On July 7, 2015, applicant sought and received zoning permits for the accessory apartment and structure.  On July 20, 2015, neighbor Mary Lahiff appealed the grant of applicant's zoning permits to the DRB.

October 14, 2015, neighbors filed a statement of questions, which raised thirteen questions, including whether neighbors' appeal was timely given the lack of notice of the DRB hearing and the DRB's failure to send a copy of the decision to some neighbors. Neighbors raised other issues concerning the merits of the conditional use permit.

¶ 5. Applicant filed a motion for summary judgment, arguing that (1) the appeal was not timely because it was filed outside the thirty-day window prescribed by Vermont Rule of Environmental Court Procedure 5(b)(1), and (2) neighbors were not interested persons because they had not demonstrated a physical or environmental impact from the construction. See 24 V.S.A. § 4465(b)(3) (defining interested person, in part, as "person owning or occupying property in the immediate neighborhood of a property . . . , who can demonstrate a physical or environmental impact on the person's interest"). Neighbors argued that the lack of notice of the hearing and decision required that the Environmental Division remand the case to the DRB for a new hearing.

¶ 6. On July 13, 2016, the Environmental Division issued an order granting applicant's motion for summary judgment and dismissing the neighbors' conditional use appeal. The court divided neighbors into three groups depending on the factual assertions being made. As to each group, the court considered whether the individuals were interested persons and whether the appeal was timely filed. In sum, the court concluded that all neighbors either had actual or constructive notice of the DRB decision more than thirty days before they filed their appeal, that this actual or constructive notice triggered the appeal period to start, and that all groups had failed to timely appeal. The court also concluded that some neighbors did not demonstrate they were interested persons. The more particular facts related to the neighbors who appealed to this Court are as follows. [3]

---

[3] Although there were other members of the groups, we specifically reference only those who have appealed to this Court.

¶ 7.    First, the court considered Mary Lahiff.  It was undisputed that she was present at the DRB hearing, but it was disputed whether she was sent or received notice of the resulting DRB decision.  Due to her participation in the hearing below, the court concluded that she was an interested person, 24 V.S.A. § 4471, but that the appeal was untimely filed.  The court recognized that there was a disputed fact about whether she received actual notice of the DRB decision.  The court explained that the thirty-day appeal period began to run when she had notice of the DRB decision, either actual or constructive.  The court surmised that because Lahiff had appealed the grant of applicant's zoning permits to the DRB in July 2015, she must have known about the DRB decision on the conditional use approval more than thirty days before September 23, 2015, and therefore the appeal was untimely.  The court also explained that although she alleged she did not receive notice of the DRB decision, she had failed to seek permission to reopen the appeal period under Vermont Rule of Appellant Procedure 4, and in any event, such motion would have been more than seven days after she had constructive notice of the decision.

¶ 8.    Next, the court considered Harritt and Butler, who it was undisputed did not attend the DRB hearing and did not receive notice of the DRB hearing.  The court concluded as a matter of law that Harritt and Butler were adjoining landowners under 24 V.S.A. § 4464(a)(1)(C), which entitled them to mailed notice of the DRB hearing.  The court concluded that the lack of notice did not warrant a remand because reasonable efforts were made to provide notice.  See 24 V.S.A. § 4464(a)(5) ("No defect in the form or substance of any requirements in subdivision (1) or (2) of this subsection shall invalidate the action of the appropriate municipal panel where reasonable efforts are made to provide adequate posting and notice.").  Additionally, the court concluded that Harritt and Butler were not interested persons because they did not participate in the DRB hearing and did not request interested-person status under 10 V.S.A. § 8504(b)(2).  And, even if such permission had been sought, they "failed to demonstrate a physical or environmental impact on [their] interest."

4

¶ 9.     Finally, the court considered Carolyn Hallock, who received notice of the DRB hearing and a copy of the DRB decision.  The court concluded that her appeal was untimely because it was filed more than thirty days after the decision issued.  Neighbors filed this appeal.

¶ 10.    "We review motions for summary judgment de novo, applying the same standard of review as the trial court."  In re All Metals Recycling, Inc., 2014 VT 101, ¶ 6, 197 Vt. 481, 107 A.3d 895; see also In re Atwood Planned Unit Dev., 2017 VT 16, ¶ 15, __ Vt. __, 167 A.3d 312 (reviewing Environmental Division's jurisdictional analysis de novo).  Summary judgment will be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  V.R.C.P. 56(a).  "The nonmoving party will receive the benefit of all reasonable doubts and inferences."  All Metals Recyling, 2014 VT 101, ¶ 6.[4]

¶ 11.    The threshold question is whether the Environmental Division had jurisdiction over neighbors' appeal.  To properly invoke this jurisdiction, neighbors had to have standing as interested persons and had to timely file a notice of appeal.

I.  Timeliness of Appeal

¶ 12.    Appeals to the Environmental Division from an act or decision of "an appropriate municipal panel pursuant to 24 V.S.A. §§ 4471, 4472" must be filed "within 30 days of the date of the act, decision, or jurisdictional opinion appealed from, unless the court extends the time." V.R.E.C.P. 5(a)(1), (b)(1).  A party's failure to timely appeal deprives the Environmental Division of subject-matter jurisdiction over the appeal.  See In re Gulli, 174 Vt. 580, 583, 816 A.2d 485, 489 (2002) ("Failure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal.").

---

[4] The Environmental Division concluded that the appeals were untimely filed and therefore it lacked jurisdiction but went on to enter judgment for applicant.  Having concluded that there was no jurisdiction over the appeal, the court's only recourse was to dismiss the appeals.  See In re McMahon, 115 Vt. 415, 417, 63 A.2d 198, 199 (1949) (explaining that when court discovers it has no jurisdiction, it must dismiss cause).

¶ 13.    To decide whether an appeal was timely filed, it is critical to determine when the thirty-day appeal period begins to run.  The Environmental Division held that the appeal period does not begin to run until the individual seeking to appeal had constructive or actual notice of the municipal panel's decision, citing Town of Hinesburg v. Dunkling, 167 Vt. 514, 521-22, 711 A.2d 1163, 1167 (1998).  This is not the correct legal standard.  The appeal period is a single time period; it does not differ for each prospective appellant.  The statute states that the appeal period is triggered by the date of the decision, not the date of notice.  10 V.S.A. § 8504(b)(1) ("Within 30 days of the date of the act or decision, an interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding under that chapter may appeal to the Environmental Division . . . .").  Therefore, the period begins to run when judgment is entered.  See V.R.C.P. 77(d)(1) ("Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4 of the Rules of Appellate Procedure.");  V.R.E.C.P. 5(a)(2) (incorporating rules of civil procedure); see also Gulli, 174 Vt. at 583, 816 A.2d at 489 (explaining that perfecting an appeal requires appellant to file notice "within 30 days of the relevant DRB decision").  The Environmental Division's reliance on Town of Hinesburg, 167 Vt. at 521-22, 711 A.2d at 1167, is misplaced; the holding of that case is not that the appeal period begins when a party receives actual notice, but that oral notice does not start the appeal period.  In a later case, this Court described the holding as follows: "In Town of Hinesburg v. Dunkling, we concluded that the 30-day appeal period began to run when the municipality mailed the applicant a copy of the applicable minutes, thus placing the party on formal notice of the determination it might wish to challenge." George v. Timberlake Assocs., 169 Vt. 641, 642 739 A.2d 1207, 1209 (1999) (mem.).

6

¶ 14.   In this case, the undisputed facts indicate that the DRB issued its decision on June 23, 2015.  Therefore, the notice of appeal, filed on September 23, 2015, was beyond the thirty-day filing period.

¶ 15.   Neighbors assert that the notice of appeal should be accepted as timely filed because Harritt and Butler were adjoining property owners and were not sent the required statutory notice of the DRB hearing or the resulting DRB decision.  Neighbors' arguments about the deficiencies in the proceedings before the DRB could be addressed by the Environmental Division only after the jurisdiction of the Environmental Division was established.  Neighbors' lack of notice of the DRB hearing and decision does not automatically provide neighbors with a right to appeal.  As set forth above, to invoke the jurisdiction of the Environmental Division, there must be a timely filed notice of appeal by interested persons.  There is no automatic exception to this statutory requirement based on a lack of notice of the underlying proceeding or decision.  See V.R.C.P. 77(d) (explaining that lack of notice by clerk "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal").

¶ 16.   The applicable procedural rules have deadlines and specific exceptions that attempt to balance the tension between fairness and the finality of judgments that exists in all types of cases.  See Hinsdale v. Vill. of Essex Junction, 153 Vt. 618, 625, 572 A.2d 925, 929 (1990) ("While it is true that a board could render a written decision, enter it by filing it with the clerk, and cut off appeal rights by failing to notify the landowner, that risk exists in a trial court.").  To protect finality, the appeal period is triggered by the entry of judgment and does not indefinitely stay open, even if a party did not get notice of the underlying judgment.  "The [appeal] period runs whether or not the losing party has notice of the entry."  16A C. Wright et al., Federal Practice & Procedure § 3950.6 (4th ed.).  To ensure fairness, the procedural rules provide avenues to extend or reopen the appeal period for various reasons, including when individuals do not receive proper notice of the judgment they seek to appeal.  Relevant to this case, under Vermont Rule of Appellate

7

Procedure 4(c), the time for filing a notice of appeal can be reopened if: (1) the motion is filed within ninety days of entry of judgment or seven days of receipt of notice of judgment, whichever is earlier; (2) the court finds that a party entitled to notice did not receive it; and (3) no party would be prejudiced. See V.R.E.C.P. 5(a)(2) (stating that appellate rules apply in appeals to Environmental Division). To reopen an appeal period under Appellate Rule 4(c), a litigant should make a motion with notice to all parties so that the court and the parties are aware of the basis on which the litigant seeks to appeal.

¶ 17. Having set forth the applicable law, we turn to the facts of this case. We begin with the undisputed facts related to the second set of neighbors, Harritt and Butler, who did not receive notice of the DRB decision. In their notice of appeal, Harritt and Butler asserted this fact, but they did not make a formal motion to the Environmental Division seeking to reopen the appeal period under Appellate Rule 4(c). Nonetheless, we conclude that the notice of appeal filed by Harritt and Butler was sufficient to be construed as a motion to reopen the appeal period. The notice of appeal put the court and other parties on notice that they were asserting a right to appeal based on lack of notice. See 16A Wright, supra, § 3950.6 (urging courts to "be willing to construe liberally a would-be appellant's request to reopen appeal time" and that "a lack of formality in the request should not prove fatal so long as the request makes clear that the would-be appellant failed to receive notice of entry of judgment and seeks to reopen the appeal time"); see also United States v. Akinkoye, 16 F. App'x 179, 180 (4th Cir. 2001) ("Where, as here, a pro se appellant files an untimely notice of appeal offering some excuse for its untimeliness, that notice is properly construed as a motion to reopen the time to note an appeal under [equivalent federal rule]."); Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997) (per curiam) (holding that "when a pro se appellant alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within twenty-one days of its entry, we must treat his notice as a Rule 4(a)(6) motion and remand to the district court for a determination of whether the appellant merits

8

an extension under that rule"). This conforms to the "the general concept that appeal rights must be liberally construed in favor of persons exercising those rights." Atwood Planned Unit Dev., 2017 VT 16, ¶ 19 (quotation omitted).

¶ 18. Ordinarily, we would remand to the Environmental Division to make factual findings pertaining to the requirements of the rule. In this case, however, because the facts were undisputed, we examine the requirements directly to determine if the undisputed facts resolve the issues. See Towns v. N. Sec'y Ins., 2008 VT 98, ¶ 16 n.4, 184 Vt. 322, 964 A.2d 1150 (explaining that where facts are uncontested, judicial economy allows appellate court to address issues in first instance without remand). Thus, we consider whether the undisputed facts show that Harritt and Butler met the requirements of Appellate Rule 4(c) to reopen the appeal period. These requirements are: (1) filing a motion within ninety days of entry of judgment or seven days of receipt of notice; (2) being entitled to, but not receiving, notice from a clerk or party within twenty-one days of entry; and (3) demonstrating no prejudice to the other parties. We conclude that the undisputed facts establish that Harritt and Butler met the first two requirements.

¶ 19. The first requirement is that Harritt and Butler filed the motion within ninety days of entry of judgment or within seven days of receiving notice, whichever is earlier. The seven-day time period is triggered by notice provided under Vermont Rule of Civil Procedure 77(d).[5]

---

[5] Federal Rule of Appellant Procedure 4 specifies that the trigger is "notice under Federal Rule of Civil Procedure 77(d)." F.R.A.P. 4(a)(6)(B). The Vermont rule has not incorporated this language, but it is evident from the Reporter's Notes written at the time the provision was added that Rule 77 notice starts the time period. Reporter's Notes—1996 Amendment, V.R.A.P. 4 (explaining that Rule 4 was amended concurrently with Vermont Rule of Civil Procedure 77(d) and applies when party does not timely receive Rule 77(d) notice). This is further confirmed by the fact that Rule 77 references Appellate Rule 4. V.R.C.P. 77(d)(1) ("Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4 of the Rules of Appellate Procedure."). Therefore, the seven-day window "is opened only if and when a party receives notice of the entry of the judgment or order" from the clerk or from a party; it is not triggered by inquiry notice. Benavides v. Bureau of Prisons, 79 F.3d 1211, 1214 (D.C. Cir. 1996) (construing prior version of Federal Rule 4 and concluding that actual notice by clerk or party required to start seven-day window).

Under Rule 77, this can include service by another party provided in a manner consistent with the service requirements. V.R.C.P. 77(d). The undisputed facts are that Harritt and Butler did not receive notice of the order, either from the court or from another party. Therefore, the seven-day time period did not begin to run. In addition, the undisputed facts indicate that they filed the motion—here, the notice of appeal asserting the necessary facts—within ninety days of the order on appeal. Therefore, the first requirement was met.

¶ 20.    The second requirement is more complicated than the first. It is undisputed that Harritt and Butler did not receive notice of the decision, but the difficulty for them is showing that they were entitled to receive that notice. Pursuant to statute, the DRB was required to send copies of the decision to applicant and "every person or body appearing and having been heard at the hearing." 24 V.S.A. § 4464(b)(3). Having failed to receive notice of the hearing, Harritt and Butler did not appear, and therefore were not entitled to notice of the decision under this statutory section.

¶ 21.    We conclude that in this case this shortcoming is not fatal. The rule's limitation to those who are "entitled" to notice is essentially a standing requirement. It limits application of the rule allowing reopening of the appeal period to those individuals who would have been entitled to appeal the decision, if they had had notice. As explained more fully below, the Legislature provided an expanded basis to obtain standing to appeal decisions of municipal boards, particularly where, as here, a defect prevented participation in the hearing. To preclude these individuals from being able to reopen the appeal period because they did not attend the hearing would create an impossible situation—they could not attend the hearing because a procedural defect prevented their attendance and although they could obtain standing to appeal on this basis, they could not seek to reopen the appeal period without participation in the hearing. Thus, if Harritt and Butler had standing to appeal to the Environmental Division, they also have satisfied the standing requirement of Appellate Rule 4(c)(2).

10

¶ 22. The undisputed facts are insufficient to determine the final requirement—a demonstration that there is no prejudice to another party. Prejudice to another party " 'means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal.' " 16A Wright, supra, § 3950.6 (quoting Federal Advisory Committee Note from Federal Rule of Civil Procedure 4). The undisputed facts did not address whether any prejudice existed in this case. On remand, the Environmental Division must evaluate whether Rule 4(c)(3) was met.

## II.  Standing

¶ 23.  "The statute qualifies which individuals may appeal, and dismissal is appropriate when the statutory requirements are not met." In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 15, 188 Vt. 262, 6 A.3d 713. An individual has standing to appeal if the individual participated in the regulatory proceeding. 10 V.S.A. § 8504(b)(2). In addition, the Legislature recognized the possibility of a scenario like that which befell Harritt and Butler, providing standing to appeal where "there was a procedural defect which prevented the person from obtaining interested person status or participating in the proceeding" or "some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed." Id. § 8504(b)(2)(A), (C). To request party status based on lack of notice of the underlying hearing or manifest injustice requires filing a motion in the Environmental Division within the time to file a statement of questions. 10 V.S.A. § 8504(b)(2); V.R.E.C.P. 5(d)(2); Verizon Wireless, 2010 VT 62, ¶ 20. The Environmental Court concluded that because Harritt and Butler did not file such a motion with their notice of appeal, they did not affirmatively claim interested-person status and therefore were not subject to § 8504(b)(2)'s exception. We disagree.

¶ 24.  In Verizon Wireless, 2010 VT 62, the Environmental Division dismissed the appeal because the appellants had not moved for party status as required by Environmental Rule 5 and had in their notice of appeal merely asserted that they were property owners but "did not otherwise

11

state a basis for party status" or "mention of any lack of required notice below" as the basis for their claim for party status. Id. ¶ 20. This Court affirmed, concluding that the Environmental Division did not abuse its discretion. Id. ¶ 19. We explained that the party seeking party status had the burden to assert this claim and that the purpose of placing the burden on the appellant was to preserve judicial resources and avoid situations in which the Environmental Division " 'begin[s] to engage its resources in evaluating the substance of a claim, only to discover many months into the process that the appellant lacks party status.' " Id. ¶ 18 (quoting Environmental Division decision).

¶ 25. In this case, the issue of party status was sufficiently raised and there was no danger that the resources would be wasted. Harritt and Butler in their notice of appeal to the Environmental Division expressly claimed party status on the basis that they "did not receive the required pre-hearing notice of the proceeding." They further reiterated in their statement of questions that they were asserting a right to appeal based on lack of notice. Although Harritt and Butler did not file a formal motion under 10 V.S.A. § 8504(b)(2), these filings put the court and other parties on notice that they were affirmatively claiming a right to appeal based on lack of notice. We decline to extend Verizon Wireless to instances where an appellant's failure to use specific language would result in dismissal of a potentially meritorious appeal. Such a rigid interpretation of our precedent places the form of the appeal over its substance. We therefore hold that Harritt and Butler have carried their burden in this instance of affirmatively claiming party status under § 8504(b)(2). Further, the undisputed facts demonstrate that Harritt and Butler meet the requirements of § 8504(b)(2)(A) because a procedural defect—the Town's failure to provide them with notice of the DRB hearing—prevented them from participating in the proceeding and obtaining interested-person status.

¶ 26. To establish interested-person status—and therefore standing—under § 8504(b)(2), a party must make two additional showings: (1) that the person owns or occupies property "in the

immediate neighborhood of [the] property that is the subject of any decision or act taken" by a municipal regulatory panel; and (2) that the person "can demonstrate a physical or environmental impact on the person's interest." 24 V.S.A. § 4465(b)(3). The first requirement is met because as discussed, on appeal, applicant does not challenge the Environmental Division's conclusion that Harritt and Butler are adjacent property owners.

¶ 27. As to the second requirement, the Environmental Division concluded that Harritt and Butler had not alleged "a physical or environmental impact" on their interest. Citing this Court's nonprecedential decision in In re Two Bad Cats LLC Conditional Use Permit, No. 2015-238, slip op. at 2 (Vt. Nov. 19, 2015) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo15-238.pdf [https://perma.cc/P2YV-8K2X], the court concluded that Harritt and Butler's "only assertion" of a physical or environmental impact—"the generalized statement that 'Appellants have property interests to protect from Appellee's proposed project' "— was insufficient to establish a physical or environmental impact.

¶ 28. The Environmental Division abused its discretion in determining that neighbors' "only assertion" of an environmental or property impact was a "generalized statement." In their statement of questions, Harritt and Butler alleged that the project would have an adverse impact, citing the effect on the surrounding neighborhood, the location and layout of the structure, the existence of a second curb cut, and the size of the structure, among other things. This was sufficient to satisfy the statutory requirement that a person seeking party status must be able to "demonstrate a physical or environmental impact on the person's interest." 24 V.S.A. § 4465(b)(3). This is especially the case where the lack of notice of the initial hearing may have deprived Harritt and Butler of the opportunity to include in their notice of appeal additional information concerning the proposal. Therefore, Harritt and Butler had standing. This means they also met the requirements to reopen the appeal period under Appellate Rule 4(c)(2).

¶ 29. In sum, we conclude that the undisputed facts demonstrate Harritt and Butler met the requirements of Appellate Rule 4(c)(1) and (2) and that on remand the Environmental Division must evaluate whether there is prejudice to another party under Appellate Rule 4(c)(3). In addition, we note that the trial court has discretion to deny a motion to reopen even where all of the requisite criteria are met. See V.R.A.P. 4(c) (stating that "court may, upon motion, reopen the time to file an appeal" (emphasis added)); Benavides, 79 F.3d at 1214 ("The rule by its terms authorizes the district court to grant relief; it does not direct the court to do so."). In exercising its discretion, the trial court should consider that "the purpose of the rule was to ease strict sanctions on litigants who had failed to receive notice of the entry of judgment in order to file a timely notice of appeal, whether the fault lay with the clerk or other factors beyond the litigants' control, such as the Postal Service," not to give relief when "the fault lies with the litigants themselves." In re WorldCom, Inc., 708 F.3d 327, 336 (2d Cir. 2013). Therefore, the exercise of discretion lies in considering the extent to which "the litigant's own negligence caused the very problem that [the reopen rule] was meant to ameliorate." Id. at 337-38 (recognizing that although rule does not require showing of excusable neglect, in exercising its discretion district court should "give substantial weight to indications that the failure of receipt was the litigant's fault").

¶ 30. On remand, the Environmental Division should exercise its discretion and weigh any relevant factors. If the Environmental Division grants the motion by neighbors Harritt and Butler to reopen the appeal period, then it need not evaluate the facts relative to the other groups of neighbors. Because Harritt and Butler filed a notice of appeal along with their motion, the other neighbors could also appeal once Harritt and Butler timely filed a notice of appeal. V.R.A.P. 4(a)(6) ("If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this rule, whichever period ends later.").

14

¶ 31. Because the question may arise again on remand, we briefly address the Environmental Division's holding that the lack of notice to Harritt and Butler of the DRB hearing was not error because reasonable efforts were made to provide notice. The relevant statutory section provides that "[n]o defect in the form or substance" of notice required under § 4464(a)(1) and (a)(2) "shall invalidate the action of the [DRB] where reasonable efforts are made to provide adequate posting and notice" unless "the defective posting or notice was materially misleading in content." 24 V.S.A. § 4464(a)(5). The court concluded that because "reasonable efforts were made to provide adequate notice and posting," the failure to send written notice to Harritt and Butler was a defect in form or substance that was not materially misleading in content and the DRB's decision was therefore valid. In interpreting the phrase "defect in the form or substance" in § 4464(a)(5), we employ the familiar tools of statutory interpretation. "We will enforce the plain meaning of the statutory language where the Legislature's intent is evident from it, but, if doubts exist, the real meaning and purpose of the Legislature is to be sought after and, if disclosed by a fair and reasonable construction, it is to be given effect." In re Carroll, 2007 VT 19, ¶ 9, 181 Vt. 383, 925 A.2d 990 (citation and quotation omitted). Here, the plain language of the statute indicates it does not apply to situations where no notice at all is provided. The phrase "defect in the form or substance" assumes that notice has been given because there can be no defect in something that does not exist. Thus, whatever the scope of the phrase "defect in the form or substance," the word "defect" contemplates that some notice has been given. Where, as here, no notice is given, § 4464(a)(5) is inapplicable.

Reversed and remanded.

FOR THE COURT:

_____

Associate Justice

15