# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION

Docket No. 41-4-18 Vtec

---

| In re: KR Properties, LLC Preliminary & Final Plat Appeal |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Multiple Types (41-4-18 Vtec)

Title:          Motion to Dismiss Isaiah Kiley (Motion 1)

Filer:          KR Properties, LLC

Attorney:       Liam L. Murphy

Filed Date:     June 1, 2018

No response filed

**The motion is GRANTED.**

On July 20, 2017 and March 16, 2018, the Town of Charlotte Planning Commission approved KR Properties, LLC's ("KR") preliminary and final plats for a proposed planned unit development. KR subsequently filed this appeal challenging conditions imposed in those approvals. Following the appeal, Isaiah Kiley entered an appearance as a self-represented litigant. Now before the Court is KR's motion to dismiss Mr. Kiley for lack of standing. Mr. Kiley did not respond to the motion.

KR moves to dismiss Mr. Kiley pursuant to Vermont Rules of Civil Procedure ("V.R.C.P.") Rule 12(b)(1) for lack of standing.[1]

Party status in appeals to the Environmental Division is limited by both constitutional and statutory standing requirements. In re 110 Spring St. Conditional Use, No. 11-2-16 Vtec, slip op at 2 (Vt. Super. Ct. Envtl. Div. Apr. 22, 2016) (Walsh, J.). In general, parties that do not meet these requirements cannot participate in the appeal. See id. When considering a motion to dismiss for lack of standing, we accept as true all uncontroverted factual allegations, and construe those allegations in the light most favorable to the nonmoving party. In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Jul. 5, 2012) (Walsh, J.).

---

[1] Alternatively, KR invites the Court to convert the motion to a motion for summary judgment pursuant to V.R.C.P. Rule 12(c). Because we can resolve the motion without reference to matters outside the pleadings, we need not resort to this alternative.

A person may intervene in an appeal to this Court if they qualify as an "interested person." 10 V.S.A. §8504(n)(5).[2]   A party can establish interested-person status by showing:

> (1) that the person owns or occupies property "in the immediate neighborhood of [the] property that is the subject of any decision or act taken" by a municipal regulatory panel; and (2) that the person "can demonstrate a physical or environmental impact on the person's interest."

In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 26 (Feb. 16, 2018) (quoting 24 V.S.A. § 4465(b)(3)).[3]

Once a party's right to intervene as an interested person is challenged, that party has the burden of producing evidence showing a reasonable possibility that the proposed project will impact the intervenor's particularized interests.  See Goddard Coll., No. 175-12-11 Vtec at 2–3 (Jul. 5, 2012).

Here, Mr. Kiley has not responded to the present motion, or offered any information to the Court indicating how the project proposed by KR might impact his interests.  He has therefore failed to meet his burden of production.  For this reason, we **GRANT** KR's motion without reaching the question of whether Mr. Kiley owns or occupies property in the immediate neighborhood of the proposed project, since Mr. Kiley has provided no representations that he does.

**So Ordered.**

Electronically signed on June 28, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Liam L. Murphy (ERN 3953), Attorney for Appellant KR Properties, LLC
Joseph S. McLean (ERN 2100), Attorney for Interested Person Town of Charlotte
Isaiah Kiley

---

[2] Other grounds for intervention in § 8504(n) do not appear to apply here.  Because this is an appeal of a municipal permitting decision, § 8504(n)(3) and (4) are not relevant.  Likewise, there is no suggestion that Mr. Kiley is a party in the action or a party by right, and so § 8504(n)(1) and (2) also do not apply.  There is also nothing offered to suggest that intervention should be granted pursuant to V.R.C.P. Rule 24, which rules out § 8504(n)(6).

[3] We agree with KR that alternative means to qualify as an "interested person" under § 4465(b) do not appear to apply to Mr. Kiley.