*Note: In the case title, an asterisk (*) indicates an appellant and a double asterisk (**) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2018-166

APRIL TERM, 2019

State of Vermont v. Raymond Ritchie*  } APPEALED FROM:
              }
              } Superior Court, Addison Unit,
              } Criminal Division
              }
              } DOCKET NO. 522-8-13 Ancr

                Trial Judges: Samuel Hoar, Jr.;
                Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Defendant appeals the court's restitution order. On appeal, defendant argues that the plea agreement did not authorize restitution for conduct to which defendant did not plead guilty. The State contends that defendant's appeal was untimely filed. We agree that the appeal was untimely filed and dismiss it.

In 2013, defendant was charged with two counts of unlawful trespass, one count of attempted unlawful trespass, one count of buying or receiving stolen property, and six counts of burglary. There was a notice of enhancement of habitual-offender status. The affidavits of probable cause supporting the charges described items found in defendant's home, such as jewelry, silverware, trophies, and collectible items. Victims of recent burglaries were contacted and asked to view the property and fifty-six people positively identified items stolen from them. A subsequent affidavit listed fifty-two separate burglaries previously reported to law enforcement and in which items identified by the owner were found in defendant's home. Although many items were claimed, the affidavit estimated that there remained tens of thousands of dollars' worth of property that was not recovered.

In April 2014, defendant and the State entered a plea agreement in which defendant pled guilty to all ten counts and the State agreed to an effective sentence of thirteen years to life.[1] The plea agreement stated that "Defendant agrees to pay all restitution for all cases. The amount remains to be determined." At the change-of-plea hearing, restitution was not mentioned, but defendant agreed that the he had read the plea agreement before signing it and had discussed it with his attorney. Further, the parties agreed that the State would not bring further charges in

---

[1] In a separate docket, defendant was charged with one count of cultivating marijuana, also with the habitual-offender enhancement. Defendant also pled guilty to this charge as part of the plea agreement.

connection with the recovery of the stolen items from defendant's home. At the subsequent sentencing hearing, the court imposed a sentence of thirteen years to life consistent with the plea agreement.

The parties disagreed as to the meaning of "all cases" in the restitution provision of the plea agreement. The State argued that "all cases" referred to the cases listed in the affidavit of probable cause that were not charged. Defendant asserted that the language of the plea agreement was not clear and should be construed against the State as drafter to mean solely the cases that were charged and to which defendant pled guilty.[2] Following a contested restitution hearing, the court concluded that "all cases" meant the uncharged conduct in the charging affidavits and that, pursuant to the plea agreement, the State could seek restitution for all of these cases. The parties subsequently stipulated that the amount of restitution was $96,236.01. Based on this stipulation, the court entered a restitution order on February 26, 2018. Defendant accepted service of the order on April 12, 2018. Defendant filed a notice of appeal on May 11, 2018.

On appeal, defendant argues that the restitution order was ambiguous and should be construed against the State. The State contends that defendant's appeal was untimely filed. Although it does not appear that the restitution order is ambiguous, we need not reach this question because we conclude that the appeal was untimely filed. A notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." V.R.A.P. 4(a)(1). For a criminal case, "a judgment or order is entered for the purposes of Rule 4(a) when it is entered in the criminal docket." V.R.A.P. 4(e)(3). "The timely filing of a notice of appeal is a jurisdictional requirement." Casella Constr., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 3, 178 Vt. 61.

Here, the appeal period began to run from the time the restitution order was entered on February 26, 2018. The May 11, 2018 notice of appeal was filed well beyond the thirty-day time period.

Moreover, defendant has not presented any other reason to extend or reopen the appeal period. We note that the docket entries indicate that the February 26, 2018 order was not mailed until March 22, 2018 and that defendant did not accept service of it until April 12, 2018. These facts alone, however, do not automatically extend or reopen the appeal period. Under Vermont Rule of Appellate Procedure 4(c), the appeal period can be reopened under certain circumstances where a party does not receive notice of the order, but "[t]o protect finality, the appeal period is triggered by the entry of judgment and does not indefinitely stay open, even if a party did not get notice of the underlying judgment." In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 16. A litigant must file a motion for permission to reopen the appeal period. See id. (explaining that motion to reopen appeal must be made with notice to other parties "so that the court and the parties

---

[2] Under 13 V.S.A. § 7043(e)(3), a restitution order "may require the offender to pay restitution for an offense for which the offender was not convicted if the offender knowingly and voluntarily executes a plea agreement that provides that the offender pay restitution for that offense." Based on this statute, the parties agreed that defendant could be required pay restitution for the uncharged conduct if the plea agreement provided for it.

are aware of the basis on which the litigant seeks to appeal").  Here, no motion to reopen the appeal period was filed.  Therefore, the appeal was untimely filed.

Appeal dismissed as untimely filed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice