VERMONT SUPERIOR
COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 21-ENV-00084

| Banyai Zoning Permit Appeal |
| --- |

## ENTRY REGARDING MOTION

Title:         Motion to Dismiss (Motion #1)

Filer:         Merrill E. Bent

Filed Date:    August 27, 2021

Response in Opposition filed on September 3, 2021, by Daniel Banyai, a self-represented litigant

The Motion is **Granted.**

Daniel Banyai has appealed to this Court from a decision of the Town of Pawlet Development Review Board denying him a zoning permit. The Town of Pawlet ("the Town") filed the present motion to dismiss Mr. Banyai's appeal as untimely and Mr. Banyai filed a response.

The failure to bring a timely appeal under 24 V.S.A. § 4471 deprives this Court of jurisdiction over said appeal. In re Gulli, 174 Vt. 580, 583 (2002). Therefore, we apply the standard set by V.R.C.P. 12(b)(1) governing motions to dismiss for lack of subject matter jurisdiction. When reviewing such a motion, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. This Court can consider evidence outside the pleadings when resolving such a motion. Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11 (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000))

### Factual Background

This Court sets out the following background only to decide the motion pending before us. These are not factual findings, which can only occur after the Court has conducted a trial. See Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000).[1]

Mr. Banyai applied to the Town of Pawlet Zoning Administrator for a permit authorizing an accessory structure on property he owned. The permit was granted, and a neighbor timely appealed the permit to the Town of Pawlet Development Review Board ("DRB"). The DRB held a hearing on June 10, 2021, and issued an order dated June 23. It concluded that the neighbor had credibly raised an issue as to whether Mr. Banyai sought retroactive approval of an existing

---

[1] These facts are drawn from the pleadings, the motion to dismiss, the response, and the exhibits attached thereto.

unlawfully erected structure or prospective approval for a new structure. The DRB requested that Mr. Banyai provide additional information to enable it to make this determination.[2] The order stated that "If the Landowner fails to supplement the application with the required information within [30 days], then the approval of the Permit shall be deemed reversed, and the Permit denied."

According to the Town and not disputed by Mr. Banyai, the Town's attorney mailed Mr. Banyai a copy of the DRB order by certified mail on June 23 and emailed him a copy the same day. The certified mail was marked unclaimed on June 28 and returned to the Town on July 29. The Town then mailed Mr. Banyai a copy of the decision by first class mail.

On August 24, Mr. Banyai filed his appeal to this Court. The only description of the decision appealed from and the grounds for the appeal is "Denial of my constitutional rights in allowing [sic] a permissible accessory building permit approval."

To decide whether the appeal was timely filed, the Court must first determine whether the DRB issued a final decision and, if so, the date of that final decision. Next, the Court must calculate whether Mr. Banyai filed his appeal within the statutory time limit to do so.

## Discussion

As an appeal from a municipal panel, Mr. Banyai's appeal is governed in the first instance by 24 V.S.A. § 4471(a). We have jurisdiction over such appeals under 24 V.S.A. § 4471(a) only if the appealed-from municipal decision is final and binding. In re Saxon Partners LLC BJ's Warehouse Sketch Plan, No. 5-1-16 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. July 15, 2016) (Walsh, J.). Our reasons for this rule are two-fold. First, while "[t]he statute does not define 'decision,'…the word connotes finality—if a 'decision' does not resolve an issue, it is not really a decision, but mere commentary or analysis." Id. at 2. Second, under the Vermont Constitution, our Court is empowered to adjudicate only actual cases or controversies, not to render advisory opinions. Id. (citing In re 232511 Invs. Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409). The first step in our analysis is therefore to determine whether the DRB ever issued a final decision, and if so, when.

The finality of municipal decisions is based upon when the "ultimate issue" before the municipal body is resolved. In re Scott Farm Act 250, No. 48-4-17 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. August 22, 2017) (Walsh, J.) (citing Jordan v. State Agency of Transp., 166 Vt. 509, 513 (1997)); *see also* In re Punderson 2-Lot Subdivision, No. 106-10-18 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Mar. 29, 2019) (Durkin, J.) (holding that where DRB chose to entertain a request to reconsider its decision, ultimate issues were not decided until it ruled on request to reconsider).

The ultimate issue before the DRB in Mr. Banyai's case was whether the Zoning Administrator properly granted the permit. As evidenced by its own choice of language, the DRB

---

[2] The DRB requested that Mr. Banyai provide "a site plan…detailing all existing improvements…including dimensions and setbacks from boundary lines, and including a depiction of the location of the proposed structure." It also requested that Mr. Banyai "identify the type of storage structure proposed in the application." Town of Pawlet, Vermont Development Review Board, "Findings of Fact, Conclusions, and Order" June 23, 2021, at 3, attached to Appellant's Notice of Appeal.

declined to resolve that issue until either Mr. Banyai provided additional information (at which point it could uphold or reverse the permit) or Mr. Banyai declined to provide additional information within 30 days (at which point the DRB would reverse the permit). The Court has not been made aware that Mr. Banyai provided any additional information to the DRB—certainly he did not reference doing so in his Notice of Appeal or in his response to the present motion. Because we have also not been made aware that the DRB issued any subsequent proclamation of its final decision, we read the June 23 order as having become a final decision denying the permit on July 23.

Appellants must file appeals from decisions of appropriate municipal panels with the Environmental Division within 30 days of the final decision. V.R.E.C.P. 5(b)(1) and 10 V.S.A. § 8504. Because these timelines are jurisdictional in nature, In re Gulli, 174 Vt. at 583, we are unable to provide more extensions than our rules explicitly allow. In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2011) (Durkin, J.). While the Court may, upon a timely motion, reopen or extend the time to appeal pursuant to V.R.A.P. 4(c)-(d), *see* In re Mahar Conditional Use Permit, 2018 VT 20, ¶16, 206 Vt. 559 (interpreting V.R.E.C.P. 5(a)(2) to allow appellants to move to reopen the time to appeal as under V.R.A.P. 4(c)); V.R.E.C.P. 5(b)(1) (allowing appellants to move to "extend[]" the time to appeal as under V.R.A.P. 4), no such motion to extend or re-open the time to appeal was made here.

The time for an appeal starts to run when the final decision is issued, not when a party receives notice of that decision. Mahar Conditional Use Permit, 2018 VT 20, ¶13. Furthermore, an appeal mailed to the Court is deemed filed when the Court receives it—not on the date the appellant sent it. In re Jericho Market Act 250, No. 1-1-16 Vtec, slip. op. at 1 (Vt. Super. Ct. Envtl. Div. Mar. 2, 2016) (Walsh, J.); *see also* Reporter's Notes, V.R.E.C.P. 5(b)(1) ("[T]he date of receipt by the court . . . determines whether the 30-day filing deadline has been met.").

In the present case, as explained above, the DRB order became a final decision on July 23. Thirty days after July 23 is August 22. Because August 22 fell on a Sunday, the time to appeal ran until the next day the office was open, which was August 23. *See* V.R.C.P. 6(a). The deadline for Mr. Banyai to file his appeal was therefore August 23. The Court received Mr. Banyai's Notice of Appeal on August 24, after it was sent by priority mail on August 23. The appeal was therefore filed on August 24 and is untimely.

In his response to the motion to dismiss, Mr. Banyai suggests that June 28 was the date from which all relevant time periods began to run. He portrays this not as his own argument but as an argument made by the Town in their Motion to Dismiss: "As noted by the town's counsel, the trigger date alludes to be 28 June, 2021." Appellant's Response at 1. This is not a correct portrayal of the Town's argument. The Town noted in its motion to dismiss that a copy of the DRB order was sent by certified mail on June 23 to the address on file for Mr. Banyai but was marked unclaimed on June 28. That was the only mention of June 28 in the town's filings. Thus, it is incorrect to imply that the Town argues that June 28 was the date of the DRB decision.

The statement asserting that June 28 is the date of the DRB decision is also not correct as a matter of law. Even construing the facts in the light most favorable to Mr. Banyai, it remains uncontroverted that the DRB issued its order on June 23. The order therefore became a final

decision on July 23, not July 28 as Mr. Banyai suggests in his response.[3] The time to file an appeal ran from the date of the final decision, and therefore Mr. Banyai's appeal of August 24 is untimely.

Because we lack jurisdiction to hear Mr. Banyai's appeal, we GRANT the Town's motion to dismiss.

A Judgment Order accompanies this Entry order. This completes this Court's current review of these proceedings.

Electronically signed on October 13, 2021, at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

---

[3] The court observes that an unsigned handwritten note was appended to the bottom of the copy of the DRB decision that Mr. Banyai submitted to the Court along with his Notice of Appeal. The note reads: "June 23 – 30 days for compliance Becomes July 23 if you are counting holidays and weekends. Then 30 days to Appeal. I am appealing."