VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00071



| Alta Assets LLC Appeal |
|---|

## ENTRY REGARDING MOTION

Motion:      Motion for Summary Judgment

Filer:          Brian Hehir, Attorney for Alta Assets, LLC

Filed Date:    October 19, 2023

Memorandum in Opposition, filed by Steven Platt on November 20, 2023.

**The motion is GRANTED.**

This is an appeal of a Town of Warren Development Review Board ("DRB") decision approving a revised landscaping plan for the property located at 271 Applewood Road in Warren, Vermont (the "Property") owned by Alta Assets, LLC ("Applicant"). Previously, in December 2022, the DRB issued a decision granting conditional use approval to Applicant for the construction of a single-family home on the Property. Appellants Steven and Barbara Platt and Josh and Hillary Vogel (together, "Appellants") appealed the June 2023 DRB decision. Presently before the Court is Applicant's motion for summary judgment, which argues that the present appeal is untimely.

In this appeal, Attorney Brian Hehir represents Applicant. Appellants are self-represented.

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

## Undisputed Material Facts

We recite the following factual background and procedural history, which we understand to be undisputed unless otherwise noted, based on the record now before us and for the purpose of deciding the pending motion. The following are not specific factual findings relevant outside the scope of this decision on the pending motion. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

1. Applicant owns the property located at 271 Applewood Road in Warren, Vermont (previously defined as "the Property").

2. In 2022, Applicant sought municipal approval to construct a three-bedroom dwelling and garage on the Property.

3. At a hearing held on December 5, 2022, the Warren Development Review Board ("DRB") approved Applicant's conditional use application, subject to conditions.

4. This decision was memorialized by the Findings of Fact and Notice of Decision on December 22, 2022 (the "December Notice of Decision").[1]

5. No party filed a timely appeal of the December Notice of Decision to this Court.

6. The December Notice of Decision included a condition that required Applicant to submit an amended landscaping plan for approval that would increase the diameter of deciduous tree plantings and the number of coniferous trees plantings on the Property. Applicant's Ex. 1 (December Notice of Decision) at 2.

7. Applicants submitted a revised landscaping plan on May 3, 2023.

8. At a hearing held on June 5, 2023, the DRB approved the revised landscaping plan. Appellants' Ex. 1 (Minutes from June 5, 2023 DRB meeting) at 3.

9. This approval was memorialized in writing on June 26, 2023 (the "June Notice of Decision").

10. Appellants appealed the June Notice of Decision to this Court on July 13, 2023.

---

[1] The December 2022 Notice of Decision did not include a statement of appeal rights, and Appellants allege that they never received a written copy of the Decision. The Court is dismayed by the DRB's failure to abide by the hearing and notice requirements set forth in 24 V.S.A. § 4464. However, for the reasons stated below, this failure does not affect the Court's ability to hear this appeal.

## Statement of Questions

In the Environmental Division, the Statement of Questions provides notice to other parties and this Court of the issues to be determined within the case and limits the scope of the appeal. In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.). As filed, Appellants' Statement of Questions presents the following Questions for the Court's review:

> 1. Does the proposed project and selected building site comply with the Town of Warrens Land Use Regulations as pertains to the Meadow Overlay District and Article 2 § 2.4 Table 2.13 of the Regulations?
>
> 2. Was Lot #20 created prior to January 1, 1984?
>
> 3. Does the approved proposed project utilize the least productive land and protect primary agricultural soils as required by Article 2 § 2.4 Table 2.13 of the Regulations?
>
> 4. Are there Class II wetlands located on Lot #20?
>
> 5. If there are wetlands located on Lot #20, are they hydrologically connected to other wetlands in the area?

Appellants' Statement of Questions, filed August 29, 2023.

## Conclusions of Law

Pursuant to 24 V.S.A. §§ 4471 and 4472(a), the "exclusive remedy" for a party seeking to challenge a municipal act or decision, is to file a timely appeal in this Court. If an appeal is not taken, then the underlying act or decision becomes final and cannot be contested "directly or indirectly" in subsequent proceedings. 24 V.S.A. § 4472(d); see also Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989). Appeals to the Environmental Division from an act or decision of an appropriate municipal panel must be filed within 30 days of the decision "unless the court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure." V.R.E.C.P. 5(b)(1). A party's failure to timely appeal deprives the Environmental Division of subject-matter jurisdiction over the appeal. In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 12, 206 Vt. 559. The Vermont Rules of Appellate Procedure ("V.R.A.P.") allows this Court to reopen the time to file an appeal when a party entitled to receive notice of a judgement or order did not receive such notice of the judgment or order. V.R.A.P. Rule 4(c). The motion to reopen the time to file an appeal must be

filed within 90 days of entry of the judgment or within 14 days of receipt of notice of the judgment, whichever is earlier. Id.[2]

Here, Appellants are appealing the DRB's June Notice of Decision. This decision exclusively addressed the revised landscaping plan submitted as a condition of the December Notice of Decision. Appellants' Notice of Appeal and Statement of Questions do not raise any issues with regard to the landscaping plan. Rather, they raise various challenges to the permit itself, which was approved in the December Notice of Decision. Even accounting for the procedural deficiencies with the December Notice of Decision, Appellants failed to timely appeal the Decision or file a motion to reopen the time to file an appeal within the timeframe contemplated by V.R.A.P. Rule 4(c).[3] Because there has not been, nor can there be, an appeal of the December Notice of Decision it is final and binding on all parties, including the Court. The Court cannot entertain any collateral attack on the terms of the December Notice of Decision. See Burlington v. Sisters & Brothers Inv. Grp., LLP, 2023 VT 24, ¶ 13 (explaining the prohibition against collateral attacks on unappealed DRB orders). Accordingly, this Court lacks jurisdiction to hear Appellants' Questions, as each issue raised therein asks this Court to review the final and binding December Notice of Decision.

For the foregoing reasons, we **GRANT** Applicant's motion for summary judgment and DENY Appellants' motion to dismiss Applicant's motion.[4] The DRB's 2022 Notice of Decision is final and binding, and this Court lacks jurisdiction to hear the present appeal.

Electronically signed at Brattleboro, Vermont on Wednesday, January 31, 2024, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division

---

[2] V.R.A.P. 4(c) contains additional mandatory requirements for granting such a motion that, for the reasons set forth herein, are not relevant.

[3] Even if Appellants were to file a motion to reopen the time to file an appeal of the December Notice of Decision pursuant to V.R.A.P. 4(c), the motion would need to be denied. Because Appellants did not receive formal notice of the December 2022 Notice of Decision, they would have had 90 days from the date of the Decision to file a motion to reopen the appeal period. See V.R.A.P. Rule 4(c). Ninety days from the December 2022 Notice of Decision was March 22, 2023. Appellants did not file a motion to reopen during that period, and therefore the DRB's December 2022 Decision is final and binding.

[4] In our review of Applicant's motion for summary judgment, we have considered the arguments presented in Appellant Platt's motion to dismiss, since we understand it to be a responsive pleading, objecting to Applicant's summary judgment request.

4