**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-122



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2025

In re Alta Assets LLC, Appeal
(Steven Platt et al.\*)

} APPEALED FROM:
}
} Superior Court, Environmental Division
} CASE NO. 23-ENV-00071
Trial Judge: Thomas S. Durkin

In the above-entitled cause, the Clerk will enter:

Neighbors are self-represented in their appeal from the trial court's summary-judgment order dismissing their appeal as untimely filed.  We affirm.

The trial court based its decision on the following undisputed facts.  Applicant Alta Assets LLC sought conditional-use approval to construct a single-family home on its property in the Town of Warren.  The Development Review Board (DRB) approved applicant's request at a December 5, 2022 hearing, subject to conditions, and it issued a written decision to this effect on December 22, 2022.  No party filed a timely appeal from this decision.

The DRB's December order included a condition requiring applicant to submit an amended landscaping plan for approval.  Applicant did so on May 3, 2023.  At a June 5, 2023 hearing, the DRB approved the revised landscaping plan.  This approval was memorialized in writing on June 26, 2023.  Neighbors appealed the June Notice of Decision to the Environmental Division on July 13, 2023.

In their statement of questions, neighbors raised arguments related to the conditional-use permit issued on December 22, 2022.  The court concluded that these arguments were untimely.  It explained that, pursuant to 24 V.S.A. §§ 4471 and 4472(a), the "exclusive remedy" for a party seeking to challenge a municipal act or decision is to file a timely appeal to the Environmental Division.  Appeals to the Environmental Division must be filed within thirty days of the decision "unless the court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure."  V.R.E.C.P. 5(b)(1).  If an appeal is not taken, the underlying act or decision becomes final and cannot be contested "directly or indirectly" in subsequent proceedings.  24 V.S.A. § 4472(d); see also Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989).  Failure to file a timely appeal deprives the Environmental Division of subject-matter jurisdiction over the appeal.  In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 12, 206 Vt. 559.

The court explained that neighbors were appealing from a June 2023 Notice of Decision but they did not raise any questions related to the landscaping plan approved in that decision. Instead, they raised various challenges to the permit itself, which had been approved in December 2022. Neighbors did not file a timely appeal from that decision, however, and did not move to reopen the appeal period. The court noted that, in any event, the time for filing a motion to reopen the December decision had elapsed. It concluded that the December order was final and not subject to collateral attack. It thus dismissed the appeal on summary judgment for lack of jurisdiction.

Neighbors moved to amend the judgment and also sought relief from judgment. The court denied the motions. As an initial matter, it found that neighbors did not challenge the court's determination that they failed to file a timely appeal and they did not provide a factual or legal basis for disturbing the prior decision. Instead, neighbors raised a new, somewhat novel, argument in support of their requests for relief. They argued that the DRB did not timely issue a decision with respect to an April 5, 2023 appeal that they filed and, because of that delay, their appeal to the DRB must be regarded as "deemed approved." Neighbors cited 24 V.S.A. § 4464(b)(1), which states that municipal panels shall issue a decision on an <u>application</u> within forty-five days after adjourning an evidentiary hearing on the application. The court explained that this provision did not pertain to appeals before a DRB, but instead to permit applications that a DRB considered and failed to timely decide whether to grant. Thus, even if the court had jurisdictional authority to consider this novel legal argument, the court concluded that it would fail. The court reiterated that it had no jurisdiction to consider neighbors' challenges to the December 2022 permit. This appeal followed.

Neighbors first assert that the court erred in noting that, even if they had moved to reopen the time in which to file an appeal of the December 2022 decision, the motion would be untimely because it was not filed within ninety days of the decision. Neighbors cite Appellate Rule 4(c), which requires a motion to reopen to be "filed within 90 days of entry of the judgment or order." They contend that the words "entry of the judgment or order" mean the date that the town clerk entered the DRB's written decision in the town's records. Assuming they prevail on this contention, neighbors argue that they filed a notice of appeal with the DRB on April 5, 2023, which they argue was within the ninety-day window for filing a motion to reopen the appeal period. They reference a letter that they filed with the DRB in April 2023, which was apparently misdated by neighbors. According to neighbors, they mistakenly filed their appeal with the DRB and the DRB should have "promptly transmit[ted] it to the clerk of the Environmental Court" that day as required by Vermont Rule for Environmental Court Proceedings 5(b). They contend that this appeal should be considered both a request to reopen the appeal period and, presuming the request would have been granted, also as a notice of appeal within the reopened appeal period. They assert that they satisfy the other requirements for reopening the appeal period as well. Neighbors also reiterate their argument, rejected by the Environmental Division, that the DRB was required to issue a written decision with respect to their notice of appeal and that its failure to do so means the appeal was "deemed approved." Based on these arguments, neighbors ask that the order dismissing their appeal be revised in various ways. They also assert that the June 2023 decision regarding landscaping constituted a new conditional-use approval that entitles them to challenge the December 2022 order. Finally, neighbors argue that they were entitled to relief from judgment based on newly discovered evidence.

We reject these arguments. The April letter does not request that the appeal period be reopened based on lack of notice and it cannot be reasonably read to request such relief. We thus need not consider neighbors' arguments about when the clock began to run for filing a motion to

2

reopen the appeal period. Neighbors' argument concerning the "deemed approval" of their appeal is also without merit for the reasons set forth by the trial court. Section 4464(b)(1) does not apply to notices of appeal, and it is not clear what "deemed approv[ed]" could mean with respect to a notice of appeal. There was nothing to appeal to the DRB at that point, moreover, as the DRB's decision issued on December 22, 2022. We also reject neighbors' assertion that the June 2023 decision constituted a new conditional-use approval. The conditional-use approval issued on December 22, 2022, and the June 2023 decision concerned only applicant's compliance with a landscaping condition. We are unpersuaded by neighbors' arguments to the contrary.

Finally, the court did not err in denying neighbors' motion for relief from judgment. Neighbors argued below, without elaboration, that they were entitled to relief because the DRB had "just issued their decision regarding our Appeal of the December Notice of Decision this week (February 27, 2024) by signing the minutes from the hearing of our Appeal (the May 1, 2023 Appeal hearing) this week (February 27, 2024)." The DRB observed in the signed minutes that the letter neighbors filed in April 2023 was untimely in seeking either reconsideration or in seeking to appeal the December order. This observation is correct, and it does not provide grounds for reopening the Environmental Division's January 2024 order. We have considered all of the arguments discernible in neighbors' brief and they are all without merit.

Affirmed.

BY THE COURT:


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
Nancy J. Waples, Associate Justice

3