Filed 03/26/25

VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00094



| Fadial CU Approval |
|---|

Motion:      Motion to Dismiss

Filer:      Sabrina Fadial, Applicant

Filed Date:      February 13, 2025

Memorandum in Opposition, filed on March 15, 2025,[1] by Appellant Laura Cochran

**The motion is DENIED.**

This is an appeal of a Town of Barre Development Review Board (DRB) decision dated September 26, 2024, granting conditional use approval to Sabrina Fadial (Applicant) to set up a camper for temporary use on the property located at 725 South Barre Road in Barre, Vermont (the Property). Neighboring landowners Lauren and Elliot Cochran appealed the DRB's decision to this Court on October 18, 2024. Presently before the Court is Applicant's motion to dismiss this appeal as untimely. All parties before the Court are self-represented.

<u>Discussion</u>

A party's failure to timely appeal a municipal act or decision deprives the Environmental Division of subject-matter jurisdiction over the appeal. In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 12, 206 Vt. 559. In reviewing a motion to dismiss for lack of subject matter jurisdiction, this Court considers all uncontroverted factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2.

An appeal from a decision of an appropriate municipal panel to this Court must be filed within 30 days of the act or decision appealed from. 10 V.S.A. § 8504(b)(1); 24 V.S.A. § 4471(a); V.R.E.C.P. 5(b)(1) (stating appeals to this court must be filed must be filed "within 30 days of the date of the act,

---

[1] We note that Appellants' response to the motion to dismiss was filed more than 30 days after the initial motion. According to Appellants, they were never served a copy of the motion to dismiss. In this instance, the Court provided Appellants a courtesy copy of the motion. Moving forward, however, we remind the parties that any documents filed with the Court must concurrently be served on the opposing party. See V.R.C.P. 5.

decision, or jurisdictional opinion appealed from, unless the court extends the time"). The appeal period is triggered by the date of the municipal panel's written decision. In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 13.

Here, the DRB's decision was issued on September 26, 2024.[2] Appellants filed their notice of appeal with this Court on October 18, 2024.[3] Thus, their appeal was timely and the motion to dismiss is **DENIED**.

Electronically signed on March 26, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[2] Applicant suggests that the DRB's decision was issued on September 11, 2024, the day in which the DRB held a warned public hearing on the application. However, a decision is not effective when the vote is taken, but rather once judgment is entered. Id.; George v. Timberlake Assocs., 169 Vt. 641 (1999) ("[a]lthough a zoning applicant can appeal from an oral decision, that decision does not become final and the appeal period does not begin to run until either the board files its written decision or the period for doing so … has expired." (quoting In re White, 155 Vt. 612, 615 (1990)). In this case, the DRB issued its written decision on September 26, 2024.

[3] Applicant's motion erroneously states that Appellant's Notice of Appeal was filed with the Court on November 20, 2024. While there may have been a delay in serving a copy of the Notice of Appeal, the actual Notice was timely filed with the Court on October 18, 2024.