Filed 11/12/25

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00084



| 982 Holiday Point Road Setback Waiver |
|---|

## ENTRY ORDER

Title:       Motion to Dismiss

Filed:       October 17, 2025

Filed By:    Michael J. Tarrant II, Attorney for Town of North Hero

Opposition to Motion to Dismiss filed October 21, 2025, by Carolyn Shields (Pro Se)

Town of North Hero's Reply in Support of Its Motion to Dismiss, filed October 28, 2025, by Michael J. Tarrant II, Esq.

Shields Response to North Hero Support of its Motion to Dismiss, filed November 3, 2025, by Carolyn Shields

**The motion is GRANTED.**

This is an appeal by Carolyn Shields from an August 2, 2025 decision of the Town of North Hero Development Review Board (DRB) granting a setback waiver to Applicant Tony Fusco to replace an existing non-conforming garage.[1]  The Town of North Hero (Town) has moved to dismiss Ms. Shields' appeal, which was filed on September 16, 2025, as untimely.  In response, Ms. Shields argues that the appeal period was reset as a result of actions of the Town and that the Court should determine, pursuant to 10 V.S.A. § 8504(b)(2), the Town's notice of the underlying zoning application and DRB hearing contained procedural defects that prevented her from obtaining interested person status and participating in proceedings at the local level or that some other condition exists that would result in manifest injustice if her right to appeal was disallowed.[2]  For the reasons discussed below, the Town's motion to dismiss is **GRANTED.**

---

[1] The decision is dated July 29, 2025 at the top of its first page, but was signed by the Chair of the DRB on August 2, 2025, as authorized by 24 V.S.A. § 1141.

[2] Ms. Shields' Opposition to Motion to Dismiss cites specifically to 10 V.S.A. § 8504(b)(2)(C) in support of her manifest injustice argument.  While she does not expressly reference 10 V.S.A. § 8504(b)(2)(A), she also states that "[p]rocedural defects in the municipal notice and participation process prevented Appellant from obtaining interested-

**Factual Background**

On or about June 13, 2025, Mr. Fusco filed Setback Waiver Application #2025-40DRB with the DRB. The application proposed construction of a 26' x 26' one-story garage and removal of an existing 12' x 20' one-story garage at 982 Holiday Point Road (the Property). In response to the application, the Town published notice of the date, place and purpose of a hearing on the application in the St. Albans Messenger, posted notice of the same information in three places within the municipality and on the Town's website, and sent written notification to the applicant and to owners of all properties adjoining the Property, including Ms. Shields.

The written notification, dated June 26, 2025, referenced the involved parcel, including both the parcel number and street address, indicated that "[t]he Development Review Board will hear application 2025-40DRB requesting a Setback Waiver on Thursday, July 10, 2025, 6:30 pm at the North Hero Town Office or via Zoom," instructed adjoining property owners that attendance at the hearing was mandatory to attain interested party status and/or appeal, and informed recipients where to obtain additional information about the application. Notably, the Town sent the written notification to Ms. Shields' address in Virginia — the address the Town had on file for her — as opposed to sending the notice to the property that she owns in the Town off Holiday Point Road. The website link to virtually attend the hearing, included in the written notification, was inoperative. Additionally, the written notification did not contain a description of the proposed project beyond the reference to the fact that the application concerned a setback waiver and where to obtain additional information about the application. Further, notice was not posted within view of the public right-of-way most nearly adjacent to the property for which the application was made, Lakeview Road. Instead, the Town posted such notice off Holiday Point Road, a private right-of-way.[3]

On July 10, 2025, the DRB held a public hearing on the application. Ms. Shields did not attend or otherwise participate in the July 10 hearing. Because the written notice was sent to her Virgina address, she did not receive the written notification until sometime after the hearing had occurred. The DRB issued its decision on August 2, 2025. On August 25, 2025, Ms. Shields sent an email to

---

person status or from meaningfully participating in the municipal proceeding." Opposition to Motion to Dismiss at 1 (filed Oct. 21, 2025).

[3] Such posting is often the responsibility of the applicant, but the Town's reply filing indicates that, in this case, it was the Town that undertook the posting. Ms. Shields, in an unauthorized sur-reply, disputes where, precisely, this posting was made, stating that "[n]o notice was posted on the subject property, 982 Holiday Point Road[,] or anywhere else near the subject property." She does not dispute that the Town sent her written notification at the address that it had on file for her, and that it also published and posted notice of the public hearing, among other things. Thus, this dispute, even assuming Ms. Shields' assertion is correct and/or properly raised, does not alter the Court's conclusions as set forth herein.

the DRB asking it "to postpone any decision on the Fusco_Ryan Application for a Setback Waiver against our property and reschedule the hearing." Thereafter, on August 29, 2025, Ms. Shields learned of the DRB's earlier decision approving the setback waiver after it was posted to the Town's website on that date. On September 11, 2025, Ms. Shields attended a DRB meeting to raise her concerns with the application. She subsequently filed her notice of appeal with this Court on September 16, 2025. Ms. Shields has not filed any specific motions seeking to extend the time for filing a notice of appeal or for any alternative forms of appellate status under 10 V.S.A. § 8504(b)(2), but her notice of appeal alleges inadequate and defective public notice.

On October 17, 2025, the Town moved to dismiss this appeal for lack of subject matter jurisdiction, pursuant to V.R.C.P. 12(b)(1) and V.R.E.C.P. 5(d)(2). The Town argues that Ms. Shields' notice of appeal, received by the Court on September 16, 2025, was filed 15 days after the appeal period ended and Ms. Shields did not move for leave to extend the time to file her appeal. In support of its motion, the Town cites to In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 12 ("[a]ppeals to the Environmental Division from an act or decision of an appropriate municipal panel pursuant to 24 V.S.A. §§ 4471, 4472 must be filed within 30 days of the date of the act, decision, or jurisdictional opinion appealed from, unless the court extends the time") for the well-established proposition that failure to file a timely notice of appeal brought under § 4471 deprives this Court of subject matter jurisdiction over the appeal. Id. The Town also contends that Ms. Shields is not entitled to an enlargement of time or other relief from her untimely appeal. Ms. Shields opposes the motion.

### Legal Standard

The Town's motion concerns this Court's jurisdiction over the pending appeal. As such, we follow the standards established in V.R.C.P. 12(b)(1), since the Rules of Civil Procedure generally govern proceedings in this Division. See V.R.E.C.P. 5(a)(2). When considering V.R.C.P. 12(b)(1) motions to dismiss, "we accept all uncontroverted factual allegations of the nonmovant as true and construe them in the light most favorable to the nonmovant." In re Burns 12 Weston St. NOV, No. 75-7-18 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 5, 2019) (citing Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245). We therefore provide this deference to Ms. Shields when considering the Town's pending dismissal motion.

### Discussion

The motion before the Court seeks dismissal for failure to file a timely appeal and for Ms. Shields' alleged lack of standing. Should the Court find that either argument has merit, either deficiency would be fatal to Ms. Shields' appeal. Ms. Shields primarily opposes the pending motion

by asserting that the Town's alleged failure to properly notify her of the initial DRB hearing concerning the project should excuse any deficiency in her appeal. The Court interprets this defense as either: 1) a claim under V.R.A.P. 4(c) to extend the time to file an appeal and deem her notice of appeal timely, or 2) as a claim to qualify for the notice-related exception(s) under 10 V.S.A. § 8504(b)(2)(A) or (C). With respect to either defense, the initial threshold analysis requires a determination of whether the Town's notice was legally sufficient.

## I.   Sufficiency of Notice

The first issue before the Court is whether the Town made reasonable efforts to provide adequate posting and notice, and/or whether its posting and notice were materially misleading in content so as to deprive Ms. Shields of her ability to participate in the hearing and, thus, her ability to obtain interested person status and/or of her eligibility to receive a copy of the DRB's decision by mail.

Section 4464(a)(1) of Title 24 states, in pertinent part:

> (a) Notice procedures. All development review applications before an appropriate municipal panel under procedures set forth in this chapter shall require notice as follows.

> (1) A warned public hearing shall be required for conditional use review, variances, administrative officer appeals, and final plat review for subdivisions. Any public notice for a warned public hearing shall be given not less than 15 days prior to the date of the public hearing by all the following.[4]

> (A) Publication of the date, place, and purpose of the hearing in a newspaper of general circulation in the municipality affected.

> (B) Posting of the same information in three or more public places within the municipality in conformance with location requirements of 1 V.S.A. § 312(c)(2), including posting within view from the public right-of-way most nearly adjacent to the property for which an application is made.

> (C) Written notification to the applicant and to owners of all properties adjoining the property subject to development … The notification shall include a description of the proposed project and shall be accompanied by information that clearly informs the recipient where

---

[4] The Court understands that the Town applies the 15-day notice requirement to all development applications, notwithstanding § 4464(a)(2)'s authorization of a seven-day warning period for applications other than those listed in subsection (a)(1).

additional information may be obtained, and that participation in the local proceeding is a prerequisite to the right to take any subsequent appeal.

Moreover, 24 V.S.A. § 4464(a)(5) states:

(5) No defect in the form or substance of any requirements in subdivision (1) or (2) of this subsection shall invalidate the action of the appropriate municipal panel where reasonable efforts are made to provide adequate posting and notice. However, the action shall be invalid when the defective posting or notice was materially misleading in content. If an action is ruled to be invalid by the Environmental Division or by the applicable municipal panel itself, the action shall be remanded to the applicable municipal panel to provide new posting and notice, hold a new hearing, and take a new action.

In this case, the Town does not dispute that: (1) the June 26, 2025 written notification provided 14 days' notice, rather than 15 days; (2) the notification was sent to Ms. Shield's Virgina address rather than her Vermont address; (3) the written notification's website link was inoperative; (4) the notification did not contain a description of the project, and; (5) the Town did not post near the public right-of-way most nearly adjacent to the Property. The Town argues, however, that it made reasonable efforts to provide adequate posting and notice under § 4464(a) and that its posting and notice, even if defective, were not materially misleading in content. The Court agrees.

While there were undoubtedly some defects in the Town's posting and notice as identified above, those defects (viewed both individually and collectively) do not rise to the level of being materially misleading and therefore invalidating the DRB's decision. Regarding the description of the project in the written notification, although the words "replace an existing non-conforming garage" (or similar) do not appear in the notification, a general description of the applicant's request — "setback waiver" — was included, together with both the parcel ID and street address. Together, this project description suffices to put adjoining property owners and other interested persons on notice regarding the nature of the project. The written notification also specifically indicated that additional information about the project could be obtained at the Town office. This notice is not materially misleading in content such that it would result in the invalidation of the DRB's decision on the application. See 24 V.S.A. § 4464(a)(5). We therefore turn to whether the notice provided was reasonable and sufficient procedurally.

While the Town gave public hearing notice only 14 days in advance of the DRB's hearing, rather than 15 days, the operative statute requires only 7 days warning notice for a hearing on an

application for other than "conditional use review, variances, administrative officer appeals, and final plat review for subdivisions." 24 V.S.A. § 4464(a)(1), (a)(2). The present application falls into this category and therefore only 7 days warning notice was required by law. Thus, the notice was sufficiently timely.

Further, nothing in the statute specifies where and how written notification must be sent. The Town argues that it had no other address to send official notifications aside from Ms. Shields' Virgina address.[5] As the Town correctly notes, it has no obligation to divine where a person who may otherwise be entitled to notice actually is when notice is sent. It was not unreasonable for the Town to mail the written notification to Ms. Shields at her Virginia address, as it did here.[6]

Similarly, nothing in the statute mandates that a municipality include a website link in its written notification. Thus, the link's inoperability does not make the notice deficient as a matter of law.

Further, the notice was nonetheless posted to the Town's website. The Town further published notice in a newspaper of general circulation in the Town and posted notice in three places around the municipality. This publication and posting is indisputably sufficient under § 4464(a).

Finally, while the Town did not post hearing notice within view of the public right-of-way most nearly adjacent to the property, which would be on Lakeview Road, it did post notice off Holiday Point Road. Holiday Point Road is a private right-of-way closer to the project site than the public right-of-way. While Ms. Shield asserts, in her unauthorized sur-reply, that the Town did not post at or near 982 Holiday Point Road, she does not appear to challenge that posting occurred somewhere along Holiday Point Road.[7] Such posting could have potentially facilitated better notice to Ms. Shields than posting within view of the public right-of-way. Posting off Holiday Point Road was not unreasonable or insufficient in this context, particularly where other requirements of public hearing notice were met.

---

[5] Nothing indicates that Ms. Shields ever contacted the Town to provide an alternative address, phone number or email address while she was staying in Vermont.

[6] While there can be delays in receiving mail from the U.S. Postal Service, particularly for out-of-state property owners, this is beyond the control of the Town. The statute provides for alternative forms of notice in part to account for shortcomings with any particular form.

[7] While Ms. Shield's sur-reply states "[e]ven if there had been a posting at the subject property it would have undermined the purpose of the mandatory requirement denying many neighbors and the public visibility of the notice," she does not have standing to raise issues or concerns related to third parties. This is because well-established principles of standing prevent a party from bringing claims on behalf of a third party. The Vermont Supreme Court has adopted the federal constitutional and prudential components of the standing doctrine enunciated by the United States Supreme Court. See Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 341 (1997). The prudential component includes, among other things, "the general prohibition on a litigant's raising another person's legal rights ...." Id.

The Town made reasonable and sufficient efforts to provide adequate notice and posting of the DRB's hearing. It gave 14-day public hearing notice on an application that only requires 7-day notice by law. It posted notice around the municipality and on the Town's website and published it as required by § 4464(a). It mailed written notification to the applicant and owners of all properties adjoining the property that were the subject of the setback waiver application, including Ms. Shields. Finally, the content of the notice was not misleading and the written notification indicated where additional information regarding the project could be found. Therefore, the DRB's action in approving the setback waiver is not invalid and no remand to the DRB to provide new posting and notice, hold a new hearing and take new action is required. 24 V.S.A. § 4464(a)(5). These efforts were reasonable and sufficient as a matter of law.

## II. Timeliness of Appeal

Under Vermont law, appeals of decisions of appropriate municipal panels, here the DRB, must be made within 30 days of the date of the decision or act. 10 V.S.A. § 8504(b)(1).[8] Such an appeal provides the exclusive remedy of an interested person with respect to the decision or act taken, and upon failure to timely appeal all interested persons affected are bound by the decision or act and "shall not thereafter contest, either directly or indirectly, the decision or act … in any proceeding." 24 V.S.A. § 4472(a), (d). Thus, failure to file a timely appeal deprives the Court of jurisdiction over the appeal. Mahar, 2018 VT 20, ¶ 12.

The DRB's decision was issued on August 2, 2025. The deadline to appeal was September 1, 2025. The appeal was filed on September 16, 2025. To the extent Ms. Shields asserts the appeal period began on August 29, 2025, when Ms. Shields learned of the DRB's decision, that assertion is in error. See Mahar, 2018 VT 20, ¶ 13 (recognizing that "the statute states that the appeal period is triggered by the date of the decision, not the date of notice.") Further, when she learned of the decision, the appeal period had not yet run. Indeed, the appeal period would not expire until 11:59:59 p.m. on September 1, 2025, approximately 2 days later. Ms. Shields still had an opportunity to file a timely notice of appeal with the Court at that time. She did not reach out to the Town or the Court for additional information regarding her appeal until well after the expiration of the appeal period. Thus, it is undisputed that Ms. Shields' appeal was untimely.

---

[8] See also V.R.E.C.P. 5(b)(1) ("An appeal under this rule shall be taken by filing with the clerk of the Environmental Court … a notice of appeal … within 30 days of the date of the act [or] decision … appealed from, unless the court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure.").

This is not the end of the Court's review, however. The Court understands Ms. Shields seeks relief from this restriction on the appeal period due to lack of notice. We view this as a defense to the motion, and an imperfect motion to reopen the appeal period pursuant to V.R.A.P. 4(c).[9] V.R.A.P. 4(c) allows the Court to reopen the time to file an appeal when: (1) the motion is filed within ninety days of entry of judgment or [fourteen] . . . days of receipt of notice of judgment, whichever is earlier; (2) the court finds that a party entitled to notice did not receive it; and (3) no party would be prejudiced. V.R.A.P. 4(c).

Notwithstanding whether Ms. Shields' request complies with 4(c)(1)[10] and (3)[11], she fails to demonstrate she was entitled to notice pursuant to V.R.A.P. 4(c)(2), which requires her to show that she was entitled to notice of the DRB's decision. As set forth above, Ms. Shields did not appear and was not heard at the DRB's July 10 hearing. This is despite, for the reason set forth above, the fact that the Town provided reasonable and sufficient notice, procedurally, and the content of such notice was not materially misleading in nature. She did not participate despite this notice, and thus did not maintain interested party status and was not entitled to receive notice of the DRB's decision.[12] As such, to the extent her Rule 4(c) motion is made in opposition to the pending motion to dismiss, it must fail and her appeal remains untimely.

## III.    Application of 10 V.S.A. § 8504(b)(2)

---

[9] As noted above, Ms. Shields, who is self-represented, did not file a motion to reopen the appeal period in this case. As in the Mahar case, however, the Court concludes that her notice of appeal, which very clearly raises the issue of notice of the DRB hearing and decision, is sufficient to be construed as a motion to reopen the appeal period. See Mahar, 2018 VT 20, ¶ 17. The notice of appeal alerted the Town and the Court that Ms. Shields was asserting a right to appeal based on lack of notice.

[10] The September 16 notice of appeal was filed within 90 days of entry of judgment (i.e., August 2). The fourteen-day period is triggered by notice provided under V.R.C.P. 77(d). Mahar, 2018 VT 20, ¶ 19. In this case, however, neither the clerk nor any other party gave Ms. Shields notice in a manner consistent with Rule 77(d). Therefore, the fourteen-day time period did not begin to run. The Court notes that Ms. Shields did not receive notice of the decision formally due to her lack of participation. Because the Court ultimately concludes that there are other deficiencies with her motion, the Court applies the 90-day period set forth in V.R.A.P. 4(c)(1).

[11] Regarding the third requirement of V.R.A.P. 4(c), prejudice to another party, the Mahar Court found that such prejudice "means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Mahar, 2018 VT 20, ¶ 22; V.R.A.P. 4(c)(3). In this case, the Town does not assert any prejudice, nor do the applicants, who have not appeared. Nonetheless, since the Court concludes that the second requirement of V.R.A.P. 4(c) has not been met, the Court need not analyze compliance with V.R.A.P. 4(c)(3) fully.

[12] Ms. Shields was aware that the DRB had conducted a hearing on August 25, 2025, when she asked the Board by email to "postpone any decision," but it appears she did not learn of the decision approving the setback waiver until August 29.

In opposition to the aspects of the pending motion that challenge Ms. Shields' standing to appeal to this Court, she asserts that she has standing to appeal to this Court, despite her lack of participation below, pursuant to 10 V.S.A. § 8504(b)(2)(A) and/or § 8504(b)(2)(C).

Notwithstanding the requirements of § 8504(b)(1), an interested person may appeal an act or decision under 24 V.S.A. Chapter 117 if this Court determines that: "(A) there was a procedural defect which prevented the person from . . . participating in the proceeding; . . . or (C) some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed." 24 V.S.A. § 8504(b)(2). A determination of party status under § 8504(b)(2) is discretionary, not automatic, and discretion is vested in this Court. In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 19. Further, the burden of claiming party status under this section falls on the appellant who "must affirmatively claim and satisfy the burden of establishing party status with a motion filed with the notice of appeal." Id.

"[10 V.S.A. § 8504] qualifies which individuals may appeal, and dismissal is appropriate when the statutory requirements are not met." Id. at ¶ 15. An individual has standing to appeal, among other requirements, if the individual participated in the initial regulatory proceeding concerning the permit at issue. 10 V.S.A. § 8504(b)(1). In addition, the Legislature has provided for the possibility of standing to appeal where "there was a procedural defect which prevented the person from obtaining interested person status or participating in the proceeding" or "some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed." Id. § 8504(b)(2)(A), (C). To request party status based on lack of notice of the underlying hearing or manifest injustice requires filing a motion in the Environmental Division within the time to file a statement of questions. 10 V.S.A. § 8504(b)(2); V.R.E.C.P. 5(d)(2); Verizon, 2010 VT 62, ¶ 20.

Putting aside the fact that, for the reasons set forth above, Ms. Shields' appeal was untimely, she further did not file a separate motion claiming party status within the time for filing her Statement of Questions. As noted above, however, her notice of appeal raises the issue of notice and is adequate to meet her burden of affirmatively claiming party status under § 8504(b)(2). Mahar, 2018 VT 20, ¶ 17.

The Court concludes no "procedural defect" existed that prevented Ms. Shields "from obtaining interested person status or participating in the proceeding" before the DRB. For the reasons set forth herein, while imperfect, the Town's public hearing notice was legally sufficient, and the Town made reasonable efforts to provide that notice to the public, including Ms. Shields. Thus, 10 V.S.A. § 8504(b)(2)(A) is inapplicable.

Further, the Court is not aware of any other condition that would result in "manifest injustice" if Ms. Shields' right to appeal was disallowed. See 10 V.S.A. § 8504(b)(2)(C); In re Appeal of MDY Taxes, Inc., 2015 VT 65, ¶ 15 ("[T]his Court has not yet had the opportunity to address what might constitute 'manifest injustice' under 10 V.S.A. § 8504(b)(2)(C). When we have addressed the "manifest injustice" standard in other contexts we have recognized that it is an exacting and strict standard.").[13]

Applying the manifest injustice standard strictly, as we must, this case does not present extraordinary circumstances where some mistake of law or fact will result in significant harm to Ms. Shields if not remedied. Most importantly, as set forth herein, the Town sent Ms. Shields the written notice required by law and, despite this, she did not participate in the proceedings below to raise her concerns and obtain interested person status as contemplated by law. Further, according to the DRB's decision (provided by Ms. Shields with her revised Statement of Questions), the application at issue proposes to replace an existing non-conforming garage with a garage in a similar location that will "decrease the degree of non-conformity of the garage's position." The Court understands this to mean that the new garage, while still encroaching into the setback, will be further from the property line than the existing garage. Both garages are apparently one story in height and a cedar hedge provides screening for the garage location. DRB Decision, at 2. On these facts, we do not believe that Ms. Shields will face any significant harm or serious injustice if she is not able to challenge the new garage's location, nor has she otherwise demonstrated why she should be permitted to maintain an appeal under the manifest injustice provision of § 8504(b)(2)(C). Accordingly, the Court, in the exercise of its discretion, concludes that she will not face manifest injustice if her right to appeal is disallowed in this case.

The Court similarly has concerns regarding whether Ms. Shields has, in response to the pending motion, demonstrated that she is an interested person despite her lack of participation pursuant to 24 V.S.A. § 4465(b)(3). While it is undisputed that her property abuts the Property, her notice of appeal and opposition to the pending motion largely concern the alleged lack of notice of the DRB's hearing and contain only vague statements regarding general property values or impacts. Without more, these general statements are insufficient to demonstrate a "physical or environmental impact" on her interests "under the criteria reviewed" and, therefore, she has not met her burden of establishing interested person status under § 4465(b)(3). Verizon, 2010 VT 62, ¶ 19 (burden of

---

[13] In In re Granville Manufacturing Co., Inc., No. 2-1-11 Vtec, slip op. at 11 (Vt. Envtl. Ct. July 1, 2011) (Durkin, J.), this Court recognized that "manifest injustice" is a term that, while used in a variety of legal contexts, generally lacks firm definition. Despite this, manifest injustice typically involves the presence of extraordinary circumstances, where some mistake of fact or law will cause a significant harm or loss of rights to a party if not remedied.

claiming party status falls on the appellant who must affirmatively claim and satisfy the burden); See also In re Silver Birch Props., LLC, No. 22-ENV-00070, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 29, 2023) (Durkin, J.) (citing Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235) ("While the Court initially accords persons who enter a timely appearance party status, if challenged the party must demonstrate, at a minimum, that they are vested with constitutional standing to remain as a party before the Court in the pending appeal.").

Thus, both § 8504(b)(2)(A) and (C) are inapplicable and do not afford Ms. Shields' alternative means to have standing to appeal to this Court.

## Conclusion

The Town's motion to dismiss is **GRANTED**. Ms. Shields' notice of appeal was untimely filed, depriving this Court of subject matter jurisdiction. Further, the Court declines to reopen the time for filing an appeal under V.R.A.P. 4(c) and concludes that Ms. Shields has not demonstrated that she is an interested person who should be allowed to appeal under 10 V.S.A. § 8504(b)(2). As a result, she has failed to demonstrate that her appeal should be reopened, or that she meets the qualifications of any provision of the statute that would excuse her lack of participation.

Electronically signed on November 12, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division